EDWARD E. ESTES, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

1. A person, sober enough to intend to shoot at another, and actually to shoot at and hit him, without any provocation or justification whatever, is to be

deemed sober enough to form the specific intent to murder; and mere drunkenness, whatever its degree, will not negative such intent.

2. Unless the evidence suggest some other motive for the shooting, to be compared by the jury with the state's theory of a malicious intent, the offense has necessarily the same grade with, as without, drunkenness, and consequently, in such a case, there is no grading to be done, and any charge to the jury in reference to drunkenness, as a separate element in grading the offense, would be inapplicable, and need not be given by the court.

3. Voluntary drunkenness is no excuse for crime.

Criminal law. Drunkenness. Charge of Court. Before Judge McCutchen. Whitfield Superior Court. April Term, 1875.

Reported in the opinion.

Johnson & McCamy, for plaintiff in error.

A. T. Hackett, solicitor general, for the state.

Jackson, Judge.

The defendant was indicted in two counts—one for assault with intent to murder, and the other for shooting at another. The jury found him guilty of the assault with intent to murder. A motion was made for a new trial on the grounds that the court charged the jury "that voluntary drunkenness is no excuse for crime," and refused to charge "that the jury may take into consideration the fact of defendant's drunkenness to grade the offense, and may look to the fact in determining the intent, and that if the jury should find that he was not concious of what he was doing, the jury might take that fact into consideration in determining whether he intended, with malice aforethought, to kill at the time he shot." The court refused to grant the new trial, and defendant excepted.

The main question is, was the court right in refusing to charge as requested? We think that he was clearly right under the testimony in this case. The defendant shot Williams without the slightest provocation, and whilst he was drinking considerably, he was sober enough to intend to shoot, and he did shoot and hit him in the face, and the ball is lodged there just under the brain,

inflicting a permanent and dangerous wound—such a wound that excitement will endanger him for life, in the opinion of the physicians who examined him. He was sober enough, too, to get off rapidly from the place of the shooting, nor is there any motive suggested by the proof to rebut the idea of a malicious intent, a careless disregard of human life. We all think, therefore, that there was no error in the refusal to charge as requested under the facts of this case. For myself, I think that a man cannot voluntarily make himself so drunk as if he shoot and kill another without provocation, the crime will be graded or reduced from murder to manslaughter; or if he shoot at another without provocation the crime can be made by drunkenness less than assault with intent to murder. The statute is plain that voluntary drunkenness shall be *no excuse*, and if it be made to lower or grade the crime, to lessen it in any case whatever, it is thereby made *some excuse;* and that, *pro tanto*, fritters away the solidity and power of the statute. I agree fully with the decisions of this court, in 17 *Georgia*, 146; 25 *Ibid.*, 527; and 31 *Ibid.*, 424; and with the dissent of Judge LYON from the judgment rendered in 29 *Ibid.*, 594. My brethren agree with me that drunkenness is no excuse for crime, and that the court did not err in so charging, and that the court was right *in this case* in refusing the request asked for; but we did not consult and agree as to the effect of voluntary drunkenness upon *intention in any case*, or its effect in reducing or paliating crime under our statute, *in any case*, and therefore I am not at liberty to commit the court further than to the principles announced in the syllabus.

Judgment affirmed.