70 383
91 669

MADDEN *et al. vs.* THE STATE OF GEORGIA.

[This case was argued at the last term, and the decision reserved.]

Where, on the call of a criminal case, it was brought to the knowledge of this court, by affidavit and admission of counsel, that the defendant had escaped and had not been captured or surrendered, and where no surrender or capture was shown prior to the conclusion of the term of this court, the case must be dismissed.

February 13, 1883.

Criminal Law. Practice in Supreme Court. At February Term, 1883.

Reported in the decision.

C. J. THORNTON; W. F. WILLIAMS, for plaintiffs in error.

J. M. McNEILL, solicitor general *pro tem.*, for the state.

JACKSON, Chief Justice.

The counsel for the state moved to dismiss this writ of

error, on the ground that the plaintiffs in error had escaped from jail and remained beyond the custody of the jailer and the jurisdiction of the court. They were convicted of the offence of robbery, and sentenced to twenty years imprisonment in the penitentiary, and while in jail in the county of Muscogee, pending this writ of error, they made their escape, and have not been recaptured or surrendered themselves. These facts are brought to the knowledge of this court by the affidavit of the jailer, and are admitted to be true.

In our judgment, they have thus deprived themselves of all right further to prosecute their case here. Their act is an open defiance of the law, and thereby they have deprived themselves of all legal right further to prosecute this writ of error.

Such are the adjudications of the courts of Massachusetts, Virginia, New York, Maine, and of the Supreme Court of the United States and the English courts. 97 Mass., 543; 14 Grattan, 677; 59 N. Y., 81; 31 Maine, 592; 94 U. S., 97; 17 Q. B., 503.

In an exhaustive opinion in 55th California, 290, these cases are all reviewed, and the same conclusion is reached. In some of the cases, time was allowed for submission to the jurisdiction before the cases were dismissed. Following that practice when this case was called, we allowed it to remain on this docket to the last day of the term, as long as our constitution and law for the government and jurisdiction of this court will permit; inasmuch as all cases are thereby required to be disposed of during the first term, with the exception of providential intervention.

No information or proof having reached us of the surrender of the plaintiffs in error to the jailer or authorities of the state, the law requires that the writ of error be dismissed, and it is so ordered.

Writ of error dismissed.