### 29497. McCLURE v. HOPPER.

HILL, Justice.

Frank H. McClure appeals from the denial of his petition for the writ of habeas corpus by the Superior

---

Court of Tattnall County.

The appellant is currently serving a twelve-year sentence for burglary imposed after a jury trial on October 25, 1973, in Lincoln County Superior Court. Appellant had been arrested on December 2, 1972, in Lincoln County inside the store he was charged with entering. On December 10, 1972, appellant was sentenced to ten years imprisonment after pleading guilty in McDuffie Superior Court to the charge of burglary occurring in Lincoln County. On July 2, 1973, he was granted habeas corpus relief (herein identified as the first habeas corpus order) by the Superior Court of Butts County on the ground that at the time of his guilty plea in McDuffie Superior Court he had not waived in writing his right to be indicted by a grand jury. Pursuant to that order appellant was returned to Lincoln County where, after indictment, he elected to plead not guilty and requested a jury trial on the burglary charge. The jury found him guilty on October 25, 1973, and sentenced him to twelve years.

On February 27, 1974, the appellant filed the instant habeas corpus petition (herein identified as the second habeas corpus petition) raising, in essence, the following contentions: that he was denied the right to appeal the 1973 burglary conviction in Lincoln County; that he was denied sufficient time to appeal the first habeas corpus order which remanded his case for indictment and trial; that it was error for the trial court to appoint the same attorney to represent him upon his jury trial who had represented him at the time of his plea of guilty, thereby denying him the effective assistance of counsel; that it was double jeopardy after his guilty plea to be tried for the same offense; that the sentence he received upon the jury trial was illegal because it was greater than that he had first received; and that he was denied his right to a preliminary hearing. By motion he requested that an attorney be appointed to represent him in the presentation of his second petition for habeas corpus.

Following a hearing on May 22, 1974, the Tattnall Superior Court denied the relief sought in the second habeas corpus petition and that ruling is here appealed.

1. The allegation that appellant should have been afforded an opportunity to appeal the first habeas corpus

order of July 2, 1973, which granted him relief from his guilty plea and sentence, is without merit. According to his second habeas petition, the issues raised in the first habeas petition had been the absence of indictment, lack of jurisdiction by the McDuffie Superior Court, lack of a commitment hearing and recent appointment of counsel prior to entry of the guilty plea. This last issue became moot when appellant was granted habeas relief on the first two grounds. The matter of the commitment hearing is considered below.

Moreover, the facts show that appellant was not returned from Butts to Lincoln County for more than 30 days following the first habeas order. Thus, appellant was not denied the right to appeal that order.

2. The record shows that the appellant was arrested December 2, 1972, was at that time on escape from North Carolina, pled guilty December 10, 1972, was successful in his first habeas corpus attempt in Butts County on July 2, 1973, was indicted by the Lincoln County grand jury on July 23, 1973, for the same burglary charge to which he had previously pled guilty by way of accusation, and was returned from Butts to Lincoln County on August 13, 1973. The habeas court below found that appellant was not denied his right to a commitment hearing and since he had been indicted and probable cause established to hold him for retrial no harmful error had been committed, citing *Thrash v. Caldwell,* 229 Ga. 585 (193 SE2d 605).

This court has held that the failure to give an accused a commitment hearing is harmless error after he has been indicted, tried and convicted, and is not thereafter ground for the grant of habeas corpus relief. See *Phillips v. Stynchcombe,* 231 Ga. 430 (1) (202 SE2d 26). See also the dissenting opinions to that decision. The decision in this case has an additional basis.

According to Gerstein v. Pugh, 43 USLW 4230 (Feb. 18, 1975), the issue as to whether a person arrested upon a prosecutor's information is constitutionally entitled to a judicial determination of probable cause for pre-trial restraint of liberty becomes moot upon conviction, release on recognizance, dismissal of charges, guilty plea, or acquittal after trial; i.e., upon termination of the pre-trial detention. 43 USLW 4232, n. 11. In that case, the court was

unanimous in holding that a class action could continue notwithstanding the fact that the class representatives' claims had been rendered moot by their convictions.

In the case at hand, appellant's claim to have been entitled to a commitment hearing prior to his pleading guilty was rendered moot by that plea. His claim to have been entitled to commitment hearing prior to his jury trial was rendered moot by his conviction. The court below did not err in denying habeas corpus relief upon this ground.

By basing this decision on mootness, this court does not intend to effect a repeal of Code Ann. §§ 27-210, 27-212 (Ga. L. 1956, pp. 796, 797) which provide the right to a speedy hearing. The General Assembly enacted those provisions and they are law.

Code Ann. § 27-210 provides that a person arrested under a warrant shall be brought before a committing officer within 72 hours after arrest for commitment hearing, and that an offender not notified, before the hearing, of the time and place of such hearing, shall be released. An offender who is not afforded a commitment hearing receives no notice of the time and place thereof. Hence the provision requiring release applies equally to one who receives no commitment hearing as well as to one who receives no advance notice of the time and place thereof.

Although not ground for post-conviction habeas corpus due to mootness (as seen above), denial of commitment hearing would be ground for pre-indictment habeas corpus. Pre-indictment habeas corpus for lack of commitment hearing can be handled expeditiously (see Code Ann. §§ 50-101 (a), 50-107, 50-126, 6-1002 (a) (d), 6-1003, 81A-162 (e), and 24-4536 (c)).

3. The court below correctly found against appellant's assertion that it was error for the trial court to re-appoint an attorney who had represented him on his guilty plea on the burglary charge in McDuffie County to represent him again at the trial in Lincoln County.

Appellant contends that his guilty-plea attorney was shown to be ineffective by permitting appellant to plead guilty in McDuffie Superior Court without written waiver of indictment. In order to expedite his guilty plea, appellant had freely and voluntarily waived his right to

have his case heard in Lincoln County, the site of the crime. It was not the responsibility of appellant's guilty-plea attorney to obtain written waiver of indictment.

Appellant also contends his representation was inadequate for the reason that his counsel did not plead double jeopardy at the jury trial. This contention is dealt with below.

The record shows that the trial judge would not permit the withdrawal of appellant's guilty-plea attorney, even though the attorney would not have protested at being relieved, because the only attorney in Lincoln County was very much overburdened in representing indigents. The trial judge did, however, appoint a second attorney to assist in the defense at appellant's trial.

An indigent accused has no right to pick and choose his court-appointed counsel. He is entitled to have his appointed counsel render reasonably effective assistance. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515). Appellant failed to show that the renewed presence of his guilty-plea attorney at his jury trial in any way prejudiced the outcome of the case or that the attorney failed to render effective assistance. Indeed, the testimony produced at the habeas hearing shows that both attorneys rendered diligent service in appellant's behalf. His arrest inside the establishment made his defense difficult, to say the least.

4. There is likewise no merit in the contention that appellant's jury trial after his successful first habeas corpus petition and subsequent remand to Lincoln County constituted double jeopardy. That trial was the result of the collateral attack made by appellant upon the original burglary guilty plea and sentence.

The state generally may re-try a defendant who has succeeded in getting his first conviction set aside (United States v. Tateo, 377 U. S. 463; cf., Code Ann. § 26-507 (d); Ga. L. 1968, pp. 1249, 1267); and, as a corollary of that power, to impose whatever sentence may be authorized, whether or not it is greater than the sentence imposed after the first conviction (North Carolina v. Pearce, 395 U. S. 711, 720; Chaffin v. Stynchcombe, 412 U. S. 17, 23).

The imposition of a higher sentence does not violate

due process or constitute double jeopardy so long as the jury is not informed of the prior sentence and the second sentence is not otherwise shown to be a product of vindictiveness. Chaffin, supra, pp. 23-25. Neither of these conditions was alleged nor shown here. Appellant simply states that the jury sentenced him to twelve years whereas his original sentence was ten years. He asserts that no explanation exists for the additional time. There is no presumption of vindictiveness. The fact that there is no explanation for the additional time shows that there was no basis for a finding of vindictiveness.

5. Appellant contends that his two court-appointed attorneys failed to file an appeal from his October 25, 1973, Lincoln County conviction as he requested. The testimony showed that appellant's attorneys had considered appeal but knew of no error, had been requested by relatives to file an appeal, and had filed a motion for new trial in mid-November. Aware that his "appeal" had been filed, appellant personally discharged both attorneys from his case by letters dated November 21, 1973, sending copies of his letters to the trial judge.

The habeas court found that appellant appeared knowledgeable regarding his right to have appointed counsel on appeal, and that in the absence of any further request to the Superior Court of Lincoln County that new counsel be appointed, appellant had no one but himself to blame for the failure of his case to be appealed. See *Krist v. Caldwell,* 230 Ga. 536 (5) (198 SE2d 161).

6. It was likewise not error for the habeas judge to fail to appoint counsel as requested by appellant for purposes of his habeas corpus hearing.

Habeas corpus is not a criminal proceeding and there is no constitutional requirement for the appointment of counsel in such cases. *Sims v. Caldwell,* 231 Ga. 377 (1) (202 SE2d 70). See also Long v. District Court of Iowa, 385 U. S. 192 (87 SC 362, 17 LE2d 290).

The revised "Habeas Corpus Act of 1967," Ga. L. 1967, p. 835, Code Ann. §§ 50-101, 50-127, which was enacted for the purposes stated therein, did not make provision for appointment of counsel in habeas corpus cases. If appellant had had counsel appointed by the state to represent him at the habeas hearing, a third habeas

petition, alleging ineffective assistance of habeas corpus counsel, might be forthcoming.

7. Appellant has enumerated as error the habeas court's denial of his request that "he be furnished a copy of the trial transcript prior to the hearing." Presumably this enumeration has reference to the transcript of his October, 1973, jury trial in Lincoln County. Appellant asserts that "The trial court submitted these documents to the habeas corpus court, but appellant was denied access to these papers to prove his allegations of incompetent counsel."

The entire record from the habeas proceeding is before this court. There is no written or oral motion that appellant be furnished copy of the trial transcript, in the record, including the petition for habeas corpus itself, or in the transcript of the habeas hearing. The record does not show that appellant sought or that the habeas court had the jury trial transcript.

Appellant has asserted that the trial transcript was needed to prove his allegations of incompetent counsel. That matter has been considered above, with one exception to be considered below. As to all matters regarding competency of counsel, the trial transcript would have reflected nothing because appellant's assertions relate to extra-trial, as opposed to intra-trial, matters of competency; e.g., alleged ineffectiveness of his attorney who represented him in connection with his plea of guilty, failure to plead double jeopardy.

No basis for habeas corpus relief has been shown by this enumeration. Compare *Johnson v. Smith,* 227 Ga. 611 (3) (182 SE2d 101).

8. Appellant made a timely motion for, but inadvertently did not receive in advance of the habeas hearing, copies of the depositions on written interrogatories of the two attorneys who had represented him at his jury trial which were taken for use at the habeas hearing by counsel for the respondent. On appeal, appellant has attempted to raise an issue in this court alluded to in one of those depositions which issue was not considered below.

That extra-trial issue arose as follows: On deposition, one of appellant's appointed counsel testified

that he felt there was something wrong with appellant based on the way appellant was talking about the case and that a request was made to the district attorney to have appellant evaluated by a psychiatrist. We will not speculate as to this matter except to note that the deposition answers which follow implied dismay at appellant's insistence on pleading not guilty in view of the facts of his arrest.

However, the fact that appellant did not receive prior to the habeas hearing the requested copies of the depositions of his appointed counsel, prevented him from raising at the habeas hearing and prevented the habeas corpus court from deciding this issue raised for the first time on appeal.

This matter of psychiatric evaluation is remanded for further factual development at the trial level.

Upon remand, any grounds not heretofore raised are waived pursuant to Code Ann. § 50-127 (10) except as provided therein.

For the foregoing reason, the judgment is reversed.

*Judgment affirmed in part and reversed in part with direction. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only.*

SUBMITTED DECEMBER 20, 1974 — DECIDED MARCH 17, 1975 — REHEARING DENIED MARCH 27, 1975.

Frank H. McClure, *pro se.*

*Arthur K. Bolton, Attorney General, John W. Dunsmore, Deputy Assistant Attorney General,* for appellee.