## 29567. FULLER v. RICKETTS.

HILL, Justice.

Petitioner filed his writ of habeas corpus in the Superior Court of Butts County on July 1, 1974, attacking a life sentence for murder which he received in Fulton Superior Court in 1957, after a plea of guilty. He alleged that this sentence was illegal because there had been a substantial denial of his First (freedom of speech in court), Fifth (trial by jury, sic), Sixth (speedy and public trial by impartial jury), Eighth (bail), and Fourteenth (due process and equal protection) Amendment rights under the United States Constitution.

The respondent moved to dismiss the petition upon the ground that petitioner had filed a habeas corpus petition in the Superior Court of Tattnall County in 1971 challenging the same sentence and that the charges made in the present petition could have been raised at that time.

At the Butts County hearing a certified copy of the 1971 Tattnall County petition and the order denying it were introduced. The 1971 petition asserted that petitioner was interrogated by police without an attorney being present and that because he was unschooled in criminal law and ignorant of his constitutional rights, petitioner could not have received a fair trial either by jury trial or by plea of guilty. Evidence was also

introduced that petitioner had escaped on January 29, 1972, and that he presently is serving, concurrently (in addition to the 1957 life sentence), two ten-year sentences for aggravated assault and a fifteen-year sentence for armed robbery, imposed in April, 1974.

After considering the Tattnall County habeas petition and order, the habeas court below treated respondent's motion to dismiss as a motion for summary judgment, which it granted.

This ruling was correct. "All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of the State of Georgia otherwise requires, or any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." Code Ann. § 50-127 (10) (as amended, Ga. L. 1973, pp. 1315, 1316). The present petition raises no grounds which are constitutionally nonwaivable and petitioner's present petition raises no grounds which could not have been raised in the 1971 habeas petition.

Accordingly, the judgment is affirmed.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

SUBMITTED JANUARY 13, 1975 — DECIDED APRIL 8, 1975.

William Fuller, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.