## 29981. BROWN v. RICKETTS.

PER CURIAM.

The sole issue in this habeas corpus appeal is whether petitioner was denied a direct appeal from his criminal conviction due to ineffective assistance of counsel.

The record shows that appellant, represented by appointed counsel, was tried by a jury in Chatham Superior Court and was convicted of robbery by intimidation on September 18, 1973. At his request, his attorney filed a motion for new trial on October 15, 1973.

On November 27, 1973, while the motion for new trial was pending, appellant escaped from the county jail and remained on escape until January 5, 1974. A hearing was held on the motion for new trial and it was denied on May 20, 1974.

On June 19, 1974, the last day on which an appeal could have been filed, the appellant again escaped and remained a fugitive until July 1, 1974. He escaped a third time on July 16, 1974, but was recaptured the next day.

Appellant does not contend that he was unaware of his appellate rights. Indeed, on August 21, 1974, after being sent to Jackson Diagnostic Center, he contacted his attorney concerning the status of his robbery conviction and also wrote the Clerk of Chatham Superior Court requesting a transcript of his criminal trial in order to appeal his conviction pro se. He was informed by the clerk by letter dated August 27, 1974, that his attorney had notified that office that no appeal would be filed. By letter dated August 28, 1974, appellant's attorney informed him for the first time that the motion for new trial had been overruled. Counsel had previously written the trial court

on July 25, 1974, informing it of his decision not to appeal.

Appellant's appointed counsel testified in this habeas corpus proceeding that his decision not to appeal was based upon *Brown v. Holland,* 228 Ga. 628 (187 SE2d 246), and that such decision was made prior to *Thornton v. Ault,* 233 Ga. 172 (210 SE2d 683).

The habeas court concluded as a matter of law that none of appellant's constitutional rights were violated, that he was not denied an appeal, and that under the rationale of *Gravitt v. State,* 221 Ga. 812 (147 SE2d 447), and *Binns v. State,* 229 Ga. 120 (189 SE2d 393), the questions raised by the motion for new trial were moot and any appeal would have been futile.

Counsel for appellant argues that the instant situation is distinguishable because in all of the prior Georgia cases dealing with appeals which have been dismissed on the basis of an escape, the dismissal was predicated upon a motion by the state supported by oath that the appellant had escaped, and the appellant had not been returned to custody by the time the case was dismissed. See, e.g., *Blalock v. Corpe,* 215 Ga. 61 (108 SE2d 715); *Gravitt v. State,* 221 Ga. 812, supra; *Binns v. State,* 229 Ga. 120, supra.

However, as the court below correctly concluded, the rationale of those decisions is applicable here. Appellant's right to appeal terminated on June 19, 1974, when no notice of appeal was filed. Appellant escaped on that date. He therefore will not be heard to complain that he was denied effective assistance of counsel on appeal.

In *Moore v. Caldwell,* 231 Ga. 485 (1) (202 SE2d 425), this court held that "The denial of an appeal which results from the prisoner's escape after conviction is not a ground for the grant of the writ of habeas corpus. [Cits.]."

*Judgment affirmed. All the Justices concur, except Nichols, C. J., and Hill, J., who concur specially and Ingram, J., who concurs in the judgment only.*

SUBMITTED MAY 23, 1975 — DECIDED SEPTEMBER 11, 1975.

*Thomas M. West, James C. Bonner, Jr.,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, William H. McAbee, II, Joseph D. Newman, Assistant District Attorneys, Arthur K. Bolton, Attorney General, Larry Evans, Lois F. Oakley, Assistant Attorneys General,* for appellee.

HILL, Justice, concurring specially.

Rather than basing this decision upon the particular date of escape and the particular date of action to be taken by appointed counsel, I would adopt a broader rule.

In Estelle v. Dorrough, —— U. S. —— (95 SC 1173, 1175, 45 LE2d 377) (1975), the United States Supreme Court recently stated: " . . . there is no federal constitutional right to 'state appellate review of state criminal convictions. [Cits.] Disposition by dismissal of pending appeals of escaped prisoners is a longstanding and established principle of American law. [Cit.] This court itself has long followed the practice of declining to review the convictions of escaped criminal defendants. [Cits.] Thus in Molinaro v. New Jersey, 396 U. S. 365 (90 SC 498, 24 LE2d 586) (1970), we dismissed the appeal of an escaped criminal defendant, stating that no persuasive reason exists to adjudicate the merits of such a case and that an escape 'disentitles the defendant to call upon the resources of the Court for determination of his claims.' Id., at 366, 90 SC at 499. In Allen v. Georgia, 166 U. S. 138 (17 SC 525, 41 LE 949) (1897), we upheld as against a constitutional due process attack a state court's dismissal of the appeal of an escaped prisoner and its refusal to reinstate the appeal upon his later recapture."

In Estelle, supra, one of the equal protection arguments considered and rejected by the majority was that under the Texas statute there in issue, a prisoner who escaped before invoking the appellate process could appeal after recapture if the prescribed time for filing the appeal had not expired, whereas a prisoner who escaped after invoking the appellate process was denied the right of appeal. The "under inclusive" aspect of the Texas statute was found not to be violative of the equal protection clause.

Although the decision of the majority in this case is not subject to attack upon equal protection grounds, Estelle, supra, the holding nevertheless is "under

inclusive" in my view. The rights of escapees and the effectiveness of counsel should not vary depending upon the dates of escape and recapture vis-a-vis the dates for filing motions for new trial, amendments thereto, notices of appeal, and enumerations of error. I therefore would hold that, except to prevent a manifest miscarriage of justice, an escape at any time following conviction disentitles the defendant to call upon the resources of the trial and appellate courts (including the services of appointed counsel) for determination of his claims of error as to that conviction and any appeal therefrom.

I am authorized to state that Chief Justice Nichols joins in this special concurrence.