## 30201. YATES v. BROWN.

PER CURIAM.

This is an appeal from an order of the Ware Superior Court denying the petitioner habeas corpus relief. The main issue concerns whether or not the petitioner has a right to appellate review of his conviction, after his out-of-time appeal was dismissed because of his escape from custody.

The petitioner was convicted of burglary by a jury in the Bibb Superior Court on August 22, 1972, and was sentenced to twelve years. On March 16, 1973, he applied to the Superior Court of Putnam County for a writ of habeas corpus.

On May 14, 1973, he was granted an out-of-time appeal by the habeas court. Thereafter he escaped from custody, his appeal was dismissed, and he was returned to custody after about 8 months.

On October 21, 1974, he filed in the Superior Court of Ware County another petition for a writ of habeas corpus. He contends that the dismissal of his out-of-time appeal violates his right to appeal and his right to appointed counsel. He argues that he is entitled to a transcript of his trial. He also raises general questions concerning violations of his rights.

After a hearing the habeas court found that the

dismissal of an appeal because the prisoner has escaped is not a ground for the granting of habeas corpus relief. The court also held that his other contentions could have been raised at the earlier habeas corpus hearing and refused to consider them on this subsequent application. Petitioner appeals.[1]

1. In *Moore v. Caldwell,* 231 Ga. 485 (202 SE2d 425) (1973), this court held that "The denial of an appeal which results from the prisoner's escape after conviction is not a ground for the grant of a writ of habeas corpus." Georgia courts have refused to entertain appeals of escapees for many years, from *Madden v. State,* 70 Ga. 383 (1883) to *Brown v. Ricketts,* 235 Ga. 29. The dismissal of such an appeal is justified on the theory that the escaped prisoner should not be allowed to reap the benefit of a decision in his favor when the state could not enforce a decision in its favor. *Gentry v. State,* 91 Ga. 669 (17 SE 956) (1893).

If, however, information or proof reaches the court of the surrender or recapture of the escaped appellant before the dismissal, the appeal is not dismissed summarily. See *Gentry v. State,* supra; *Madden v. State,* supra. Here there was no showing or contention by the appellant that he was reincarcerated prior to the dismissal. Thus, the ruling of *Moore v. Caldwell,* supra, applies here and there is no merit to appellant's enumeration of error that he was denied his right of appeal.

2. At the habeas corpus hearing the appellant claimed that he has a right to the transcript of his trial. As is the case with regard to appointed counsel (see footnote 1, above), this right is tied to his right of appeal. Once the appeal has been dismissed, he no longer has a right to a trial transcript at state expense. *Billups v. State,* 234 Ga. 147 (214 SE2d 884) (1975).

3. The remaining errors raised by the appellant

---

[1]Petitioner's motion filed in this court for the appointment of counsel to assist him in this appeal is denied, there being no constitutional or statutory right to the assistance of appointed counsel on appeal of the denial of habeas corpus. See *McClure v. Hopper,* 234 Ga. 45 (6) (214 SE2d 503) (1975) and cases cited.

before the habeas court were raised earlier in his first habeas corpus proceeding or could have been raised in the original petition. The second habeas court was correct in finding no merit in these contentions. Code Ann. § 50-127 (10). *Fuller v. Ricketts*, 234 Ga. 104 (214 SE2d 541) (1975).

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs specially and Gunter and Ingram, JJ., who concur in the judgment only.*

SUBMITTED AUGUST 8, 1975 — DECIDED OCTOBER 21, 1975.

James A. Yates, *pro se.*

*Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.

HILL, Justice, concurring specially.

I would affirm the order of the habeas court for the reason stated in my special concurrence in *Brown v. Ricketts,* 235 Ga. 29, supra. In my view a person who escapes following conviction loses his right to pursue his appeal as well as his right to appointed counsel and a free trial transcript. This loss should not be dependent on whether or not he has been recaptured prior to the dismissal of the appeal.

An indigent convicted of a crime has the right to a transcript of his trial, has the right to the services of an appointed attorney, has the right to have the trial court consider his motion for new trial and has the right to have an appellate court consider his appeal. I would hold that in order to be entitled to exercise these rights, the prisoner must refrain from escaping while the state is preserving and protecting his rights of appeal. *Brown v. Ricketts,* supra.

As was said concerning escape in *Madden v. State,* 70 Ga. 383, supra, p. 384: "Their act, is an open defiance of the law, and thereby they have deprived themselves of all legal right further to prosecute this writ of error." It is true that in *Madden* the court held the case until the end of the term to see if the defendant surrendered. In my view, this undeserved consideration by that court, which commenced there as a practice, has subsequently been

adopted as a rule that if the petitioner returns then his appeal will be heard.

As I see it, the majority opinion actually supports the views expressed here. It was determined by the Superior Court of Putnam County that petitioner was entitled to an out-of-time appeal. Petitioner escaped. His appeal was dismissed. He was returned to custody. Why is he now deprived of an out-of-time appeal? Because he escaped while his right of appeal was in process. Yet he is in custody now. There is no bar to an out-of-time appeal now, except for that escape.

I can sympathize with frustrated appointed counsel preparing amendments to motions for new trial and preparing briefs for appellate courts, knowing that the defendant has escaped but might be returned to custody on or before the filing date. Thus, the preparation must go on, even during the escape, for to be unprepared on the filing date could bring forth that allegation "ineffective assistance of counsel" which is dreaded by all lawyers.

Following the lead of the Supreme Court of the United States in Estelle v. Dorrough, —U. S.— (95 SC 1173, 1174, 45 LE2d 377) (1975), see *Brown v. Ricketts*, supra, I would hold that, except to prevent a manifest miscarriage of justice, an escape at any time following conviction disentitles the defendant to call upon the resources of the trial and appellate courts (including the services of appointed counsel) for determination of his claims of error as to that conviction and any appeal therefrom.