## 30566. HUNTER v. BROWN.

JORDAN, Justice.

This is appellant's second habeas corpus petition. Appellant was convicted of motor vehicle theft and sentenced to four years imprisonment. A week later he was tried in a second trial for armed robbery and sentenced to ten years to run consecutively with his conviction for motor vehicle theft. Appellant filed his first habeas corpus petition alleging constitutional errors at his trial for motor vehicle theft. The petition was denied and he was remanded to custody. Appellant then brought the present petition for habeas corpus claiming a denial of effective assistance of counsel at his trial for armed robbery. After a hearing, the habeas corpus court dismissed the second petition as being a successive petition prohibited by Code Ann. § 50-127 (10) (Ga. L. 1973, pp. 1315, 1316; 1975, pp. 1143-1145). Appellant appeals, contending that he should be allowed to attack the second conviction by habeas corpus as his first habeas corpus petition attacked a separate conviction pursuant to a different trial than that attacked here.

This case necessarily involves a construction of Code Ann. § 50-127 (10), to wit: "All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of the State of Georgia otherwise requires, or any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been

raised in the original or amended petition."

Prior case law under this statute has dealt only with single convictions under single or multi-count indictments. See *Fuller v. Ricketts,* 234 Ga. 104 (214 SE2d 541) (1975). We are now presented for the first time with separate convictions from two separate trials.

The purpose of Code Ann. § 50-127 (10) is to discontinue the practice of filing multiple habeas corpus petitions under a single conviction. However, it is reasonable to hold that separate convictions pursuant to different trials with separate grounds for habeas corpus relief may be attacked by separate petitions. Different convictions under separate trials would necessarily involve different offenses and proceedings, and could possibly involve different attorneys and completely different circumstances. We do not believe that Code Ann. § 50-127 (10) is intended to prohibit separate habeas corpus petitions attacking different convictions based on separate trials. Of course, this does not foreclose the option of attacking both convictions in a single habeas corpus petition, nor do we decide any issue as to multi-sentences under one conviction.

This holding is in harmony with recent decisions of this court which have expanded the reach and application of a writ of habeas corpus. See *Craig v. State,* 234 Ga. 398 (216 SE2d 296) (1975); *Atkins v. Hopper,* 234 Ga. 330 (216 SE2d 89) (1975); *Nix v. State,* 233 Ga. 73 (209 SE2d 597) (1974); *Parris v. State,* 232 Ga. 687 (208 SE2d 493) (1974).

Under the facts of this case the trial court erred in granting the state's motion to dismiss the appellant's application for a writ of habeas corpus.

*Judgment reversed and remanded. All the Justices concur, except Hill, J., who dissents.*

SUBMITTED DECEMBER 3, 1975 — DECIDED FEBRUARY 2, 1976.

Jerry D. Hunter, *pro se.*

*Arthur K. Bolton, Attorney General, J. Kenneth Royal, Assistant Attorney General, G. Thomas Davis, Senior Assistant Attorney General,* for appellee.

HILL, Justice, dissenting.

The purpose of the writ of habeas corpus is to determine the legality of the state's restraint of a person's liberty. Code Ann. § 50-101(c) provides that "Any person restrained of his liberty as a result of a sentence imposed by any State court of record may sue out a writ of habeas corpus to inquire into the legality of such restraint." As stated in *Stynchcombe v. Hardy,* 228 Ga. 130 (184 SE2d 356) (1971), the question to be decided in a habeas corpus proceeding is whether the "confinement" of the prisoner is legal.

The writ is directed to the legality of the confinement (restraint). Our statute clearly provides that where a prisoner seeks relief by habeas corpus "All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of the State of Georgia otherwise requires, or any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."

The trial judge to whom this petition was assigned did not find grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. In my view, the trial court did not err in granting the state's motion to dismiss the petitioner's second application for writ of habeas corpus.