## 55223. GOLDEN v. THE STATE.

Webb, Judge.

The state has filed a motion to dismiss Golden's appeal from his conviction of theft by taking based upon the affidavit of the captain of corrections of the Bibb County jail that Golden escaped therefrom while awaiting sentencing.[1] The affiant also stated that he "had been led to believe" that Golden was presently in custody in Florida on a charge of assaulting a police officer. There is nothing in the record to show that Golden is aware that the appeal is being prosecuted by his appointed attorney.

"Georgia courts have refused to entertain appeals of escapees for many years, from *Madden v. State,* 70 Ga. 383 (1883) to *Brown v. Ricketts,* 235 Ga. 29. The dismissal of such an appeal is justified on the theory that the escaped prisoner should not be allowed to reap the benefit of a decision in his favor when the state could not enforce a

---

[1] Sentence was pronounced in the defendant's absence pursuant to the authority of *Byrd v. Ricketts,* 233 Ga. 779, 780 (213 SE2d 610) (1975).

decision in its favor. *Gentry v. State,* 91 Ga. 669 (17 SE 956) (1893).

"If, however, information or proof reaches the court of the surrender or recapture of the escaped appellant before the dismissal, the appeal is not dismissed summarily. See *Gentry v. State,* supra; *Madden v. State,* supra." *Yates v. Brown,* 235 Ga. 391, 392 (1) (219 SE2d 729) (1975).

Neither *Gentry* nor *Madden* addressed the issue of whether "in custody" meant within the state or included in custody without the state. We conclude, however, that the language of each indicates that custody within the jurisdiction of this state was intended, and we elect this construction.[2] This narrow interpretation is aligned with the practical reality that Georgia cannot control Golden's release or prevent another escape, and can, in fact, only request that Florida authorities notify this state when he is to be released and then initiate extradition procedures. Moreover, the Supreme Court has repeatedly endorsed the right of a state to freely adopt a policy which deters escapes. See Estelle v. Dorrough, 420 U. S. 534 (95 SC 1173, 43 LE2d 377) (1975). Accordingly, the appeal is dismissed.

*Appeal dismissed. Quillian, P. J., and McMurray, J., concur.*

Submitted February 6, 1978 — Decided February 24, 1978.

*Hubert E. Hamilton, III,* for appellant.
*Walker P. Johnson, District Attorney, Thomas J.*

---

[2] This is the rule in at least one other jurisdiction. " 'Where a defendant has been convicted and appeals from the judgment and sentence, this court will not consider his appeal unless defendant is where he can be made to respond to any judgment or order which may be rendered in the case; and where he leaves the state and is convicted of crime in another state, pending the determination of his appeal, this court will on proper motion dismiss the appeal.' [Cits.]" Angel v. State, 386 P2d 645, 646 (2) (Okla. Crim. Ct. App. 1963).

*Matthews, Assistant District Attorney,* for appellee.