## 38623. DIX v. ZANT.

SMITH, Justice.

Horace Dix appeals from the denial of his petition for writ of habeas corpus in Butts County. In 1975 he was tried and convicted in Clayton County of murder and kidnapping and is presently under sentence of death. His conviction was affirmed in *Dix v. State,* 238 Ga. 209 (232 SE2d 47) (1977). His first petition for state habeas corpus was denied in November 1978. While this state habeas corpus petition was pending, Dix also filed an extraordinary motion for new trial in the trial court. This motion was denied and we affirmed. *Dix v. State,* 244 Ga. 464 (260 SE2d 863) (1979), cert. den., 445 U. S. 946 (1980). Appellant's original state habeas corpus petition was denied in Tattnall County in November 1978. Dix's certificate of probable cause to appeal was denied by this court in February 1979. In May 1980 Dix filed a petition for writ of habeas corpus in United States District Court, raising ineffective assistance of trial counsel, and arguing a theory not raised in the state habeas petition. In August 1981 the District Court stayed proceedings there for the purpose of allowing Dix to exhaust those remedies available to him in state court prior to proceeding further in federal court. Thereafter, Dix filed a second state habeas corpus petition, this time in Butts County. This action was dismissed as successive under Code Ann. § 50-127 (10) in February 1982. The court there found upon reviewing the record that any and all grounds for relief could reasonably have been raised in the original or amended petition of habeas corpus. On appeal of that dismissal, we affirm.

Dix complains that he received ineffective assistance of counsel

as to introduction of evidence of his competence to stand trial. He also urges that he was denied effective assistance of counsel when his trial counsel failed to investigate, prepare, or present any mitigating evidence during the penalty phase of the trial except for Dix's own testimony. Finally, appellant argues that he was denied due process of law and equal protection of law when the state habeas corpus court refused to provide funds to pay witness and mileage fees for witnesses to testify in his behalf.

We agree that the habeas action as presented here is successive under Code Ann. § 50-127 (10). That section states clearly the procedure for seeking habeas relief after an original petition has been filed and disposed of. "All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of the State of Georgia otherwise requires, or any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." Code Ann. § 50-127 (10).

Accordingly, a subsequent habeas petition effects a waiver on any grounds not originally raised, subject to two exceptions. First, where the state or the federal Constitution provides otherwise; and second, if the judge presiding finds other grounds in the subsequent petition which could not reasonably have been raised in the original or amended petition filed in Tattnall County. Dix was represented by the same counsel in that action as he is here and counsel could have raised all of the issues presented by this petition in the original habeas action.

In Rose v. Lundy, —— U. S. —— (102 SC 1198, 71 LE2d 379) (1982), the United States Supreme Court held that since the rule that all federal habeas claims must be exhausted in state court serves to promote comity and to prevent disruption of state judicial proceedings, federal district courts must dismiss habeas petitions containing both exhausted and unexhausted claims. We find that because of the very clear language of our statute, Code Ann. § 50-127 (10), any claims which reasonably could have been raised in the original petition are deemed waived. We now hold that such claims are, for purposes of a federal habeas corpus action, deemed exhausted.

We find this petition to be successive and based on grounds waived by virtue of not having been raised in the prior habeas corpus petition. As a result we need not reach the merits of Dix's enumerated errors.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 10, 1982.

*Millard C. Farmer, Joseph M. Nursey,* for appellant.
*Michael J. Bowers, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.