S01A0837. SPIVEY v. THE STATE.
(544 SE2d 136)

ORDER OF COURT.

Having considered the petitioner's Motion for Stay of Execution filed in this Court, this Court grants the motion until it addresses whether death by electrocution violates the Eighth Amendment prohibition against cruel and unusual punishment or until further order of this Court.

Accordingly, the judgment of the trial court denying the stay is reversed.

*All the Justices concur, except Carley, Thompson, and Hines, JJ., who dissent.*

SEARS, Justice, concurring.

The people of this state, through their elected representatives in the General Assembly, have determined that all persons sentenced to death for capital crimes committed after May 1, 2000, shall be executed by lethal injection. Ga. L. 2000, p. 947, § 1. This prospective change in the State's method of execution was made because execution by electrocution offends the evolving standards of decency that characterize a mature, civilized society. See *Trop v. Dulles*, 356 U. S. 86, 100-101 (78 SC 590, 2 LE2d 630) (1958). The people of this State, through their elected representatives, also have determined that persons sentenced to death for crimes committed before May 1, 2000, such as appellant, will be executed by lethal injection if this Court declares that electrocution violates the Constitution of the United States or the Constitution of Georgia. Ga. L. 2000, p. 947, § 1.

Thus, this Court is charged with resolving whether the same evolving standards of decency that led to a prospective change in the method of executing condemned persons also require a retroactive change in the method of execution employed by the State. Furthermore, this Court is charged with the responsibility of protecting the State from the indignity of exacting punishment that exceeds the

bounds of humane sensibilities. See *In re Kemmler*, 136 U. S. 436, 447 (10 SC 930, 34 LE 519) (1890).

Accordingly, it is right for this Court to stay appellant's execution by electrocution until such time that this Court determines whether electrocution is unconstitutionally cruel and unusual, as that phrase is understood under our State and Federal Constitutions.

CARLEY, Justice, dissenting.

Ronald Keith Spivey's conviction and death sentence for a 1976 murder were last affirmed by this Court in 1984. His petition for certiorari was denied by the Supreme Court of the United States, and his petitions for writ of habeas corpus have been denied by both state and federal courts. For that reason, the State properly sought and the sentencing court correctly established a seven-day period within which to set the execution date for Spivey. Despite the fact that there is *no pending challenge* to his conviction or sentence, he moved for a stay of execution. The trial court denied the motion, and Spivey now seeks an order from this Court granting the stay. A majority of this Court has granted that relief, and I must vigorously dissent.

The appropriate remedy available to Spivey, or any other prisoner in like circumstances, is to file a successive habeas petition, raising grounds "which are either constitutionally nonwaivable or which could not reasonably have been raised in the earlier petition. [Cits.]" *Tucker v. Kemp*, 256 Ga. 571, 573 (351 SE2d 196) (1987). See also OCGA § 9-14-51. Not content with using that procedure, however, Spivey, through counsel not authorized to practice in this Court, seeks to create yet another avenue to pursue in what is a blatantly apparent effort to frustrate and delay the judicial system. The sole basis for seeking the stay of execution is reliance upon two very recent lower court rulings from which appeals are expected, including one interlocutory pre-trial order and one final habeas order. Obviously, if the appeal in *another* case were a legitimate basis for issuance of a stay in all *other* similar cases, then there would be no need for *any* criminal litigant in this state to pursue established and appropriate post-judgment remedies. All that a losing criminal defendant must do is file a motion for a stay in the appellate court and allege that an issue in a separate pending appeal is crucial to resolution of a subsequent post-judgment proceeding which he or she may or may not possibly initiate. Clearly, there is no reason to sanction such an absurd result when it is possible for the convicted defendant to seek the desired objective by following the existing appropriate procedures. Spivey does not assert any reason why he could not pursue his *own* successive state habeas corpus petition raising the same issues and attempt to obtain a hearing on the merits therein.

Today's grant of Spivey's motion to stay is completely inconsistent with other recent rulings of this Court. On May 8 of last year, this Court denied four emergency motions for stay of execution where the issue raised was identical to that raised by Spivey, and, like him, the movants contended that a pending appeal in another case required the grant of the stays. *Pruitt v. State*, Case No. S00M1374; *Cromartie v. State*, Case No. S00M1389; *Speed v. State*, Case No. S00M1390; *Cook v. State*, Case No. S00M1391. Those movants could and did file petitions for habeas corpus and obtained stays of execution from the respective habeas courts. Indeed, there appears to be even *less* reason for this Court to grant a stay of execution in this case, since Spivey *already* has pursued unsuccessfully state and federal habeas corpus proceedings. He offers no reason why he failed to raise any constitutional attack on electrocution during his more than 20-year pursuit of post-conviction remedies. If, as it appears, any effort to obtain successive habeas relief at this late date is totally without merit, the grant of a stay now serves simply to prolong the inevitable. This is distinctly different from the situation presented in the prior four cases, since those movants were entitled to an automatic stay once they pursued the appropriate remedy. If a stay is not authorized where there *is* a viable alternative for obtaining that relief, it is even *less* appropriate where the movant has previously failed to pursue the available alternative.

Although there are individuals who have heart-felt objections to capital punishment, under any and all circumstances, they have no viable claim to moral superiority. They must abide by the same laws as those who are equally firm in their belief that the life of murder victims is so sacred that there are cases in which society must resort to the ultimate sanction. The people of this State, through their elected representatives in the General Assembly, have determined that the crime of murder is, under certain circumstances, punishable by death, but that one who is so convicted and sentenced shall have the right to appeal and, if unsuccessful, to file a petition for habeas corpus. However, the availability of appeals and habeas proceedings cannot be interminable. This Court has a constitutional duty to uphold the existing law. The State has followed established procedures, but Spivey insists that *he* need not do so. Because I cannot condone any effort to frustrate and delay the already attenuated process for the resolution of capital cases and the carrying out of legitimate constitutionally imposed death sentences, I dissent to the majority's grant of the motion for stay in this case.

I am authorized to state that Justice Thompson and Justice Hines join in this dissent.

547

ORDERED MARCH 6, 2001.

*Thomas H. Dunn, Brian S. Kammer*, for appellant.
*J. Gray Conger, District Attorney, Thurbert E. Baker, Attorney General, Susan V. Boleyn, Paula K. Smith, Senior Assistant Attorneys General*, for appellee.
*Robert L. Tsai, Gerald R. Weber, Jr.*, amici curiae.