## 58979. SALEEM v. THE STATE.

BANKE, Judge.

The defendant was found guilty of armed robbery following a jury trial on May 10, 1978. Sentencing was deferred; and, prior to sentencing, he escaped from the custody of the sheriff. On May 26, 1978, he was sentenced in absentia to 20 years' imprisonment. On April 12, 1979, he was recaptured; and on May 18, 1979, he submitted to the trial court a motion for out-of-time appeal. The trial court denied the motion on the ground that the defendant by his escape had forfeited his right to appeal his conviction. From this order the defendant now appeals to this court. *Held:*

It is clear that where a defendant escapes *after* filing a notice of appeal he thereby loses his right of appeal. See *Madden v. State,* 70 Ga. 383 (1883); *Moore v. Caldwell,* 231 Ga. 485 (1) (202 SE2d 425) (1973). We know of no logical reason for creating a different rule where, due to his escape, the defendant is unable to file a timely notice of appeal in the first place. Accord, *Yates v. Brown,* 235 Ga. 391, 393 (219 SE2d 729) (1975) (Hill, Justice, concurring specially). Accordingly, we agree with the trial court that the defendant waived his right to appeal by remaining a fugitive during the period when he was authorized by statute to file a motion for new trial or a notice of appeal. In accordance with Estelle v. Dorrough, 420 U. S. 534 (95 SC 1173, 43 LE2d 377) (1975), we reject the defendant's contention that such a ruling violates his federal constitutional rights.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED OCTOBER 31, 1979 — DECIDED NOVEMBER 26, 1979.

Husam-Iddim Saleem, *pro se.*

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.