## A00A0203. SANDERS v. THE STATE.
(531 SE2d 170)

BLACKBURN, Presiding Judge.

Following his conviction for robbery and aggravated assault, Walter Sanders, Jr., pro se, appeals the trial court's denial of his motions for an out-of-time appeal and for a new trial based on newly discovered evidence. Because Sanders waived his appeal rights by being a fugitive from the law and the newly discovered evidence proffered by him does not warrant the grant of a new trial, we affirm.

The record shows that, on February 9, 1994, a jury found Sanders guilty of three counts of armed robbery and one count of aggravated assault. During trial, Sanders' co-defendant testified, and corroborating evidence showed, that he and Sanders committed several robberies, and Sanders, himself, admitted to being involved in one of them. Following the trial, but prior to sentencing, Sanders escaped from custody and fled the state. On July 6, 1995, a sentencing hearing was held in Sanders' absence. At this hearing, the trial court determined Sanders' sentence and told Sanders' trial counsel to inform him that he had 30 days to appeal his case. Due to his status as a fugitive, however, Sanders could not be reached.

On September 5, 1996, Sanders was captured in New York, and, on September 11, 1996, the trial court issued a judgment and sentencing order, made nunc pro tunc to July 6, 1995, which set forth Sanders' sentence and made corrections of typographical errors on the original verdict form. After fighting extradition to Georgia in New York, Sanders was released into the custody of Georgia law enforcement on January 9, 1997.

Almost two years later, on December 18, 1998, Sanders filed a motion for out-of-time appeal and a motion for new trial based on an affidavit from his co-defendant recanting his earlier testimony implicating Sanders and a second affidavit corroborating the recantation. The trial court denied both motions, and Sanders appeals.

Although Sanders argues that multiple errors were committed by his trial attorney, the State's prosecutor, and the trial court, the only question now before us is whether the trial court erred in denying his motions for an out-of-time appeal and for a new trial due to newly discovered evidence. We find that the trial court did not err on either issue.

1. Sanders was not entitled to an out-of-time appeal because he voluntarily waived his rights by fleeing the state and, alternatively, because the lengthy delay in his attempt to appeal was solely due to his own conduct.

It is clear that where a defendant escapes *after* filing a notice of appeal he thereby loses his right of appeal. We know of no logical reason for creating a different rule where, due to his escape, the defendant is unable to file a timely notice of appeal in the first place. Accordingly, . . . the defendant waive[s] his right to appeal by remaining a fugitive during the period when he was authorized by statute to file a motion for a new trial or a notice of appeal.

(Citations omitted.) *Saleem v. State*, 152 Ga. App. 552 (263 SE2d 490) (1979).

Moreover, Sanders cannot circumvent this result by claiming that his trial attorney provided ineffective assistance by failing to pursue an appeal in his absence. "An out-of-time appeal is not authorized if the delay was attributable to the appellant's conduct." (Punctuation omitted.) *Henderson v. State*, 265 Ga. 317, 318 (2) (454 SE2d 458) (1995). Whether judged from the date of the sentencing hearing or the date of the sentencing order, Sanders' lengthy delay in filing an appeal results solely from his own conduct. As such, the trial court appropriately denied his motion for an out-of-time appeal.

2. The trial court also properly denied Sanders' motion for a new trial due to newly discovered evidence. The newly discovered evidence proffered by Sanders was (1) an affidavit from his co-defendant recanting his trial testimony in which he implicated Sanders in the robberies and (2) an affidavit of another individual corroborating the recantation. "The law[, however,] is settled that a post-trial declaration by a State's witness that his former testimony was false is not a ground for a new trial." (Punctuation omitted.) *Karvonen v. State*, 205 Ga. App. 852 (1) (424 SE2d 47) (1992). Furthermore, the recantation of Sanders' co-defendant as well as the corroborating affidavit would serve only to impeach the co-defendant's previous testimony. As such, this newly discovered evidence of the co-defendant's recantation does not qualify as a basis for the grant of an extraordinary motion for new trial. See, e.g., *Dick v. State*, 248 Ga. 898, 900-901 (2) (287 SE2d

11) (1982) (enumerating the six requirements to support an extraordinary motion for new trial). Therefore, the trial court did not err in denying Sanders' motion.

3. In rendering this decision, we have granted Sanders' motion for an extension of time in which to file his reply brief, which has been duly considered by this Court.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MARCH 13, 2000.

Walter Sanders, Jr., *pro se.*

*Spencer Lawton, Jr., District Attorney, Michael K. Dennard, Assistant District Attorney,* for appellee.