### A06A2445. SOSEBEE v. THE STATE.
(640 SE2d 379)

ELLINGTON, Judge.

A Newton County jury found Timothy Lee Sosebee guilty of criminal attempt to obtain possession of a controlled substance by forgery, OCGA §§ 16-13-43 (a) (3); 16-13-33. Sosebee appeals from the order denying his motion for new trial, raising the general grounds and challenging the trial court's failure to charge the jury sua sponte on the definition of forgery. Sosebee also appeals from the trial court's order vacating a previously entered consent order that modified his sentence, resulting in the reinstatement of his original sentence. Finding no error, we affirm.

1. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is

---

[6] (Punctuation omitted.) Id. at 633 (2).
[7] See id.

whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

Viewed in this light, the record reveals the following facts. On August 12, 1996, Sosebee presented a prescription for 40 7.5 milligram tablets of Lortab (hydrocodone), a Schedule III[1] controlled substance, to a Newton County pharmacy. The pharmacist suspected the prescription was a forgery because the amount of Lortab prescribed and the dosing schedule were unusual given that the prescription was allegedly issued by an emergency room physician. The pharmacist called the hospital to verify the prescription and discovered that the hospital had no record of a patient matching the name on the prescription form. The emergency room doctor whose name appeared on the form testified that he did not write the prescription and that his signature had been forged.

A pharmacy technician and an intern, both of whom identified Sosebee at trial, testified that Sosebee appeared nervous while he waited for the prescription to be filled. He did not sit down to wait, and he eventually left without the drugs. A pharmacy employee gave the police a description of Sosebee's car, including the tag number. The police traced the tag and car to Sosebee's roommate, who had loaned Sosebee the car. The police obtained a photograph of Sosebee, and both the pharmacy technician and the intern were able to select Sosebee's picture from a photographic lineup. Police later arrested Sosebee on a warrant.

The evidence adduced was sufficient to support Sosebee's conviction for attempting to obtain possession of a controlled substance by forgery beyond a reasonable doubt. OCGA § 16-13-43 (a) (3); see *Allen v. State*, 272 Ga. App. 23 (611 SE2d 697) (2005) (conviction under OCGA § 16-9-2 (a) for forgery in the second degree of a Lortab prescription).

2. Sosebee contends the trial court erred in failing to charge the jury, sua sponte, on the definition of "forgery" as used in OCGA

---

[1] OCGA § 16-13-27 (4).

§ 16-13-43 (a) (3)[2] and in the court's charge on the crime as indicted. Sosebee did not request that the word "forgery" be defined; nor did he take the position below that forgery was a lesser included offense of the crime of attempting to obtain possession of a controlled substance by forgery.

In examining an individual jury instruction, this Court must review it in the context of the entire charge of the court to determine whether it contains reversible error.[3] *Anderson v. State*, 150 Ga. App. 318 (1) (257 SE2d 385) (1979). Also, "[t]erms of common usage and meaning need not be specifically defined in the charge to a jury." (Citations omitted.) *Philpot v. State*, 268 Ga. 168, 171 (3) (486 SE2d 158) (1997). "In the absence of a request, the court's failure to define the meaning of terms used in the charge, ordinarily is not grounds for reversal." (Citation omitted.) *Garvey v. State*, 176 Ga. App. 268, 274 (5) (335 SE2d 640) (1985). Based on our review of similar cases, we hold that the term "forgery," as used in this particular context, is not so obscure or technical that it requires the court to sua sponte define it for the jury. See, e.g., *Anderson v. State*, 226 Ga. 35, 36 (2) (172 SE2d 424) (1970) (trial court did not err in failing to define "assault"); *Ebenezer v. State*, 191 Ga. App. 901, 903 (7) (383 SE2d 373) (1989) (trial court did not err in failing to define "defraud"). Consequently, we find no error.

3. Sosebee also appeals from an order of the court that vacated a previously entered consent order modifying Sosebee's original sentence, which resulted in the reinstatement of his original sentence. For the reasons that follow, we find no error.

Sosebee was originally sentenced to eight years imprisonment pursuant to OCGA § 16-13-43 (b), which provides that "[a]ny person who violates this Code section is guilty of a felony and, upon conviction thereof, may be imprisoned for not more than eight years or fined not more than $50,000.00, or both." Sosebee was also sentenced as a recidivist pursuant to OCGA § 17-10-7 (a) and (c), the state having served notice of its intent to seek recidivist punishment and having submitted certified copies of Sosebee's three prior felony convictions at sentencing. Finally, although Sosebee was convicted of "attempting" to obtain a controlled substance by forgery, OCGA § 16-13-33 provides that "[a]ny person who attempts . . . to commit any offense defined in [the Georgia Controlled Substances Act] shall be, upon conviction thereof, punished by imprisonment not exceeding the

---

[2] The statute provides that it is unlawful for any person to "acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, subterfuge, or theft."

[3] The court fully and accurately charged the jury on the presumption of innocence, the burden of proof, grave suspicion, reasonable doubt, the definition of a crime, the definition and elements of the crime charged, and criminal intent.

maximum punishment prescribed for the offense, the commission of which was the object of the attempt."

The trial court was not authorized to sentence Sosebee pursuant to the general attempt statute, which provides, in pertinent part, that

> [a] person convicted of the offense of criminal attempt to commit a felony shall be punished by imprisonment for not less than one year nor more than one-half the maximum period of time for which he could have been sentenced if he had been convicted of the crime attempted.

OCGA § 16-4-6 (b). The law is well settled that these two criminal attempt sentencing statutes are mutually exclusive. For crimes defined in the Georgia Controlled Substances Act, OCGA § 16-13-33 applies. OCGA § 16-4-6 has no application to prosecutions under this Act. *Woods v. State*, 279 Ga. 28, 31 (3) (608 SE2d 631) (2005). Thus, the trial court's original sentence was lawful.

After serving almost four years, Sosebee moved to set aside his sentence, arguing that OCGA § 16-13-43 (a) (3) "is not one of the statutes (by its terms) where an attempt is punished as the completed offense" and that OCGA § 16-4-6 applied, rendering the original sentence void. A new prosecutor, unaware of OCGA § 16-13-33, agreed and presented a joint consent order to the judge. The judge, who was also unaware of the applicable law, immediately signed the consent order, concerned that "a grave injustice" had been done. The consent order reduced Sosebee's sentence to four years, and brought about his immediate release from prison. Shortly after learning of his error, the prosecutor moved to vacate the consent order and to reinstate Sosebee's original sentence. The court agreed and set aside the order on the grounds that it was based upon a mistake of law. The court signed the order the same day it denied Sosebee's motion for new trial.[4]

The trial court properly vacated the consent order under these circumstances because the order was based upon a mistake of law induced by Sosebee himself. *Hancock v. State*, 277 Ga. 835, 839 (5) (596 SE2d 127) (2004) (a defendant cannot complain on appeal of an error or ruling which his own conduct procured or aided in causing). Moreover, the consent order was void. Because Sosebee was sentenced as a recidivist, the trial court was required to sentence him pursuant to this Code section:

---

[4] The motion for new trial in this matter remained pending for four years. The delay was caused by the court reporter, who did not file the trial transcript until the court compelled her to do so and the state filed a motion to hold her in contempt of court.

> Except as otherwise provided in subsection (b) of this Code section, any person convicted of a felony offense in this state . . . and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, *shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted*, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

(Emphasis supplied.) OCGA § 17-10-7 (a).

In *Wallace v. State*, 175 Ga. App. 685, 686-687 (5) (333 SE2d 874) (1985), we explained that a sentence that imposes anything less than the mandatory sentence required by this statute is void. Of course, the statute provides that the trial court retains the discretion to probate or suspend all or a portion of the maximum sentence, if that is not otherwise forbidden by law. But in this case, the court did not suspend or probate any portion of the original sentence in its consent order, nor did the court re-sentence Sosebee to eight years with a portion of the new sentence suspended or probated. The court only re-sentenced Sosebee to four years. Consequently, the consent order was void. Id. "[I]t follows that the court's subsequent correction of the error was not only authorized but required." (Citations omitted.) Id. at 687 (5).

The cases Sosebee relies upon are inapposite. For example, in *Williams v. State*, 273 Ga. App. 42, 46 (6) (614 SE2d 146) (2005), we held that "once a defendant begins serving his sentence, that sentence can only be increased through resentencing where (a) such resentencing is allowed by law, and (b) the defendant has no reasonable expectation in the finality of the original sentence." In the instant case, however, the trial court did not *increase* Sosebee's original sentence. The trial court, without legal authority and under a misapprehension of law, attempted to *decrease* Sosebee's sentence. By vacating the void consent order, the trial court did not increase Sosebee's original sentence; the original sentence was simply reinstated. For these reasons, we find no error.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED DECEMBER 14, 2006.

*Teresa L. Smith*, for appellant.

*W. Kendall Wynne, Jr., District Attorney*, for appellee.