A07A1702. MOHAMED v. THE STATE.
(657 SE2d 307)

MIKELL, Judge.

After a jury trial, Mohamed Mohamed was convicted of two counts of family violence battery and one count of simple battery. On appeal, Mohamed raises four enumerations of error, all of which relate to the admission of 911 recordings into evidence. We dismiss his appeal for the reasons set forth below.

The record shows that on August 29, 2006, Mohamed was found guilty of two counts of domestic family violence battery and one count of simple battery and sentenced to twelve months, ten days of which to serve in confinement and the remainder on probation. The conditions of his sentence required him to report to a probation officer monthly, report to the DeKalb County jail on November 10, 2006, attend and complete a domestic violence intervention program, and have no violent contact with his wife, who was the victim of the offenses.

Mohamed filed a motion for new trial on September 28, 2006. The hearing on the motion for new trial was held on December 5, 2006. At the hearing, the court discovered that Mohamed had not reported to

---

[6] See *Rios v. State*, 281 Ga. 181, 183 (4) (637 SE2d 20) (2006).

the DeKalb County jail to serve his sentence. The assistant solicitor-general then asked that the court issue a bench warrant for Mohamed's arrest. Included in the record is an affidavit from a deputy sheriff of DeKalb County, who averred that Mohamed did not report to jail on November 10, 2006. The court issued an order denying Mohamed's motion for new trial on January 18, 2007, and Mohamed's notice of appeal was filed on February 16, 2007.[1] The court issued a bench warrant for Mohamed's arrest on March 8, 2007.

Because Mohamed did not report to jail as ordered, and cannot presently be located, his "flight constitutes an open defiance of the authority of the courts of this state, and operates to divest [him] of the right to appeal the judgment of the [state] court."[2] "The public policy of this state is to deter escapes."[3] In accordance therewith, we have held in several cases that fugitives from justice lose their right of appeal, whether they escape after filing their notice of appeal[4] or are unable to file a timely notice of appeal because of their status as a fugitive.[5] Even though Mohamed had not escaped from custody and his notice of appeal was filed timely, he should not be treated differently from a defendant who escaped from custody. Mohamed flagrantly disobeyed the court's order to report to jail; thus, like an escapee, he is not entitled to retain his right to appeal.[6]

> When one becomes a fugitive from justice, so long as he remains so he forfeits all right to have the aid of the courts in reviewing errors claimed to have occurred in connection with his case, and upon being apprised of his escape *or flight* it is the duty of this court to dismiss his appeal.[7]

Accordingly, Mohamed's appeal is dismissed.

*Appeal dismissed. Johnson, P. J., and Phipps, J., concur.*

---

[1] Also included as a part of the supplemental record is a probation delinquency report that states that Mohamed failed to report to his probation officer on October 19, 2006, and from November through February 2007, and that he failed to complete the domestic violence intervention program.

[2] (Citation omitted.) *Life For God's Stray Animals v. New North Rockdale County Homeowners Assn.*, 256 Ga. 338 (1) (349 SE2d 184) (1986).

[3] (Punctuation omitted.) *Gilbert v. State*, 188 Ga. App. 602 (373 SE2d 668) (1988), quoting *Blassingame v. State*, 155 Ga. App. 235, 236 (270 SE2d 399) (1980). Accord *Hall v. State*, 271 Ga. App. 302 (609 SE2d 653) (2005).

[4] *Saleem v. State*, 152 Ga. App. 552 (263 SE2d 490) (1979) (a defendant who escapes after filing a notice of appeal loses his right of appeal); *Sanders v. State*, 242 Ga. App. 743, 744 (1) (531 SE2d 170) (2000) (same).

[5] *Sanders*, supra; *Saleem*, supra.

[6] See *Hall*, supra (because defendant was a fugitive from justice when his original notice of appeal was filed, amended notice of appeal filed after his capture did not revive his previously waived right of appeal).

[7] (Citation and punctuation omitted; emphasis supplied.) *Hall*, supra.

DECIDED JANUARY 30, 2008.

*Scott W. DePlonty*, for appellant.

*Robert D. James, Jr., Solicitor-General, Karla R. Williams, Assistant Solicitor-General*, for appellee.