A09A1977. HARPER v. THE STATE.
(684 SE2d 96)

BLACKBURN, Presiding Judge.

Jimmy Bryan Harper appeals from the trial court's order denying his motion to reinstate his motion for a new trial. Harper argues that, even though he was a fugitive at the time his new trial motion was filed, the trial court erred in dismissing the same because, at the time the order of dismissal was entered, Harper was in state custody. We disagree, finding that Harper was a fugitive during the entire time in which he was entitled to move for a new trial, and that, in his absence, trial counsel was not entitled to assert Harper's rights. Accordingly, we affirm the order of the trial court.

"This appeal presents a question of law, which we review de

---

novo." *Burdett v. State*.[1]

In May 2007, Harper was indicted on one count of aggravated sexual battery[2] and three counts of child molestation.[3] Harper apparently remained free on bond, pending his trial on these charges.[4] At some time during his jury trial, Harper became a fugitive when he absented himself and failed to return to the courtroom. On February 14, 2008, the trial court issued a bench warrant for Harper's arrest and the trial proceeded without him. That same day, Harper was convicted of aggravated sexual battery and two counts of child molestation. The trial court entered judgment on the verdict on February 19, 2008, and sentenced Harper in absentia to 20 years to serve on each count, the sentences to run concurrently.

On March 17, 2008, in an attempt to preserve Harper's rights with respect to an appeal, his trial counsel filed a new trial motion on Harper's behalf. The 30-day window for filing such a motion expired on March 19, 2008. See OCGA § 5-5-40 (a). On March 28, 2008, the State filed a motion to dismiss Harper's motion for a new trial, arguing that his status as a fugitive meant that he had waived his right to judicial review of any claimed errors in his case. Three days later on March 31, 2008, Harper was arrested by the Murray County Sheriff's Office and was placed in custody at the Murray County jail, where he remained until at least May 7, 2008.[5] On April 7, 2008, the trial court entered an order granting the State's motion to dismiss Harper's new trial motion. Harper filed a motion to reinstate his motion for a new trial on April 9, 2008, and the trial court held a hearing on the same. At that hearing, trial counsel stated that he made the decision to file a new trial motion on Harper's behalf, without consulting Harper, explaining:

> While Mr. Harper was [a fugitive] . . . I'm not aware that my office received any communication from him telling us that he wanted us to file a motion for a new trial on his behalf, but we also had received no information that he did not want us to file such a motion[,] and it would be our policy in a case of this magnitude . . . [to] file a motion for a new trial

---

[1] *Burdett v. State*, 285 Ga. App. 571 (646 SE2d 748) (2007).

[2] OCGA § 16-6-22.2 (b).

[3] OCGA § 16-6-4 (a).

[4] Because of the procedural posture of this case, a trial transcript was not submitted as part of the record on appeal. Nor does the record contain any transcript of or other documents related to Harper's arraignment. The transcript of the motion hearing, however, makes clear that Harper was not in custody at the time of his trial.

[5] At some point Harper was remanded to the custody of the State Department of Corrections; he is currently incarcerated at a DOC facility in Folkston.

. . . to preserve the defendant's rights to post-conviction [relief]. That is, we believe, a critical and fundamental right and . . . it could constitute ineffective assistance of counsel if we did not file a motion for new trial in these circumstances . . . within the 30-day window granted or authorized by state law.

The trial court denied Harper's motion from the bench, but did not enter a written order on its ruling until May 7, 2009. This appeal followed.

On appeal, Harper argues that the trial court erred in dismissing his motion for a new trial, and therefore in denying his motion to reinstate the same, because at the time of that dismissal, he was no longer a fugitive. In support of his position, Harper cites to a line of cases holding that this Court will not summarily dismiss the appeal of an escaped defendant where "information or proof reaches the court of the surrender or recapture of the escaped appellant before the [order of] dismissal [is entered]." *Yates v. Brown*.[6] See also *Bryant v. State*[7] (denying State's motion to dismiss appeal based on appellant's escape, where appellant was recaptured before motion was acted upon); *Kraus v. State*[8] (same).

Harper's reliance on these cases is misplaced, however, because they each involved defendants who had escaped *after* filing a timely notice of appeal. Thus, unlike Harper, those defendants were not fugitives at the time they asserted their rights to post-conviction relief. Georgia law is clear, however, that where a defendant becomes a fugitive before filing any post-conviction motions and then remains a fugitive during the time in which he could assert such a motion, he waives his right to seek post-conviction relief. See *Mohamed v. State*[9] ("we have held in several cases that fugitives from justice lose their right of appeal, whether they escape after filing their notice of appeal or are unable to file a timely notice of appeal because of their status as a fugitive") (footnote omitted); *Hall v. State*[10] (finding that defendant had waived his right to appeal, and therefore dismissing the same, where notice of appeal, although timely, was filed while defendant was a fugitive); *Moore v. Caldwell*[11] ("[t]he denial of an appeal which results from the prisoner's escape after conviction is not a ground for the grant of a writ of habeas corpus"). See also

---

[6] *Yates v. Brown*, 235 Ga. 391, 392 (1) (219 SE2d 729) (1975).

[7] *Bryant v. State*, 174 Ga. App. 522 (1) (330 SE2d 743) (1985).

[8] *Kraus v. State*, 161 Ga. App. 739, n. 1 (289 SE2d 555) (1982).

[9] *Mohamed v. State*, 289 Ga. App. 394, 395 (657 SE2d 307) (2008).

[10] *Hall v. State*, 271 Ga. App. 302, 303 (609 SE2d 653) (2004).

[11] *Moore v. Caldwell*, 231 Ga. 485 (1) (202 SE2d 425) (1973).

*Brown v. Ricketts*[12] ("except to prevent a manifest miscarriage of justice, an escape at any time following conviction disentitles the defendant to call upon the resources of the trial and appellate courts (including the services of appointed counsel) for determination of his claims of error as to that conviction and any appeal therefrom") (Hill, J., concurring specially).

This rule results from the fact that "[t]he public policy of this state is to deter escapes" (*Blassingame v. State*[13]), and therefore "[an] escaped prisoner should not be allowed to reap the benefit of a decision in his favor when the state could not enforce a decision in its favor." *Yates*, supra, 235 Ga. at 392 (1). Because "flight constitutes an open defiance of the authority of the courts of this state" (*Mohamed*, supra, 289 Ga. App. at 395) (punctuation omitted), "[w]hen [Harper] escaped, he waived and forfeited all right to invoke the aid of the courts." *Blaylock v. State*.[14]

Moreover, so long as Harper remained a fugitive, his attorney was not entitled to assert his rights to post-conviction relief on Harper's behalf.[15] As the Supreme Court of Georgia explained over a century ago, a fugitive defendant does not have "a right to appear by counsel, . . . until he has returned into custody. . . . In fact, his right to constitute counsel and invest him with authority no longer exists while his absence from custody continues." (Punctuation omitted.) *Gentry v. State*.[16] See also *Riggins v. State*[17] ("[t]he defendant, by escaping from [custody] for the purpose of [avoiding prosecution or] the judgment of the court . . . , has voluntarily withdrawn himself from the jurisdiction of the court. He is not present in person, *nor can he be heard by an attorney*") (punctuation omitted; emphasis supplied).

Because Harper remained a fugitive during the entire time in which he could have filed a motion for a new trial, he waived his right to seek such relief and the trial court properly dismissed his new trial motion. We therefore affirm the trial court's order denying Harper's

---

[12] *Brown v. Ricketts*, 235 Ga. 29, 32 (218 SE2d 785) (1975).

[13] *Blassingame v. State*, 155 Ga. App. 235, 236 (270 SE2d 399) (1980).

[14] *Blaylock v. State*, 129 Ga. App. 230 (199 SE2d 369) (1973).

[15] It is for this reason that any failure by counsel to assert such rights on behalf of a fugitive client cannot constitute ineffective assistance of counsel. See *Johnson v. Smith*, 227 Ga. 611 (2) (182 SE2d 101) (1971) (holding, on appeal from a habeas corpus denial, that counsel was not ineffective for failure to file a notice of appeal because of defendant's escape). See also *Johnson v. Caldwell*, 458 F2d 505 (5th Cir. 1972) (rejecting an ineffective assistance claim based on counsel's failure to file a notice of appeal after his client escaped and holding "[a]s a matter of law, the refusal of counsel to pursue this legal dead end did not render his representation ineffective").

[16] *Gentry v. State*, 91 Ga. 669, 673 (17 SE 956) (1893).

[17] *Riggins v. State*, 134 Ga. App. 941, 943 (216 SE2d 723) (1975).

request to have his motion for a new trial reinstated.
*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED SEPTEMBER 2, 2009 — 

*Benjamin D. Goldberg, Michael R. McCarthy,* for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney,* for appellee.