**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J. and SELF, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 3, 2017**

# In the Court of Appeals of Georgia

A17A0949. WORTHEN v. THE STATE.                           SE-029C

SELF, Judge.

Tobias Worthen appeals from his convictions for insurance fraud, two counts of theft by deception, making a false statement, and false report of a crime. In related enumerations of error, Worthen complains about various waivers of his rights that occurred after he absconded during the middle of his trial. He also argues that he is entitled to a new trial based upon the absence of a complete trial transcript. For the reasons explained below, we disagree and affirm.

The record shows that Worthen's trial began on March 31, 2015, with a senior judge presiding. On the fourth day of trial, Worthen failed to return to court, and the trial court issued a bench warrant for his arrest. The trial continued in his absence, and the jury found him guilty of all charges. On April 6, 2015, the senior judge

sentenced Worthen to serve a total of 27 years. On April 10, 2015, Worthen's trial counsel filed a motion for new trial asserting the general grounds, along with a request for a trial transcript on the grounds that Worthen was indigent and represented by the Clayton County Public Defender's Office.

On April 14, 2015, a different judge signed an order prepared by Worthen's counsel which granted his request for a transcript at public expense. The first sentence of the order incorrectly stated that Worthen "continues to be indigent and *incarcerated* after being sentenced by this Court on April 6, 2015," when in fact Worthen "remained an unapprehended fugitive until May 1, 2016 – more than a year following his conviction." (Emphasis supplied.) After learning that Worthen had absconded during a trial over which the senior judge had presided, the judge set aside her order granting a transcript and denied a subsequent request by Worthen for a free transcript.

On May 25, 2016, the trial court held a status conference in which counsel for both parties and Worthen were present. In this conference, the trial court "informed the parties that it appeared that the Defendant's Motion for New Trial was subject to dismissal due to its having been filed while the Defendant was a fugitive." After giving Worthen an opportunity to file briefs on the issue, the trial court dismissed the

April 10, 2015 motion for new trial based upon Worthen's absence. Worthen then filed a timely notice of appeal from this order.

1. Worthen contends that there was no valid waiver of his right to be present at sentencing, arguing that the State failed to prove a "valid, intelligent and knowing waiver." In Worthen's view, the State must prove that he knew he was waiving his right to be present at sentencing if he absented himself from the trial. We disagree. It is well-established that if a trial has begun in the defendant's presence and he voluntarily absents himself, "this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." (Citation and punctuation omitted.) *Taylor v. United States*, 414 U. S. 17, 19 (94 SCt 194, 38 LE2d 174) (1973). See also *Byrd v. Rickets*, 233 Ga. 779, 780 (213 SE2d 610) (1975) (finding no violation of right to be present where defendant "voluntarily absents himself from the trial").

2. In related enumerations of error, Worthen claims that his trial counsel was authorized to file a timely motion for new trial during his absence, that there was no valid waiver of his post-conviction rights, that the trial court's failure to consider the merits of his motion for new trial violated his due process rights under the state and

3

federal constitutions, and that his motion for new trial was not subject to dismissal because he was back in custody by the time the trial court dismissed it. As the State correctly asserts in its brief, long-standing authority precludes these claims.

Commonly known as the "fugitive disentitlement doctrine,"[1] this equitable doctrine limits access to courts by fugitives from justice. *Fed. Deposit Ins. Corp. v. Pharaon*, 178 F3d 1159, 1161 (II) (11th Cir. 1999). "Aside from the difficulty of enforcing a judgment against a fugitive, other rationales underlying the doctrine include promoting the efficient operation of the courts, discouraging flights from justice, and avoiding prejudice to the other side caused by the appellant's fugitive status." *Pesin v. Rodriguez*, 244 F3d 1250, 1253 (11th Cir. 2001). See also *Harper v. State*, 300 Ga. App. 25, 28 (684 SE2d 96) (2009).

In *Harper*, supra, we addressed nearly identical facts and claims. The defendant in that case became a fugitive during his trial, the trial court issued a bench warrant for his arrest, the trial proceeded without him, and he was sentenced in absentia. 300 Ga. App. at 26. His trial counsel filed a timely motion for new trial in his absence in an attempt to preserve his right to a direct appeal. Id. at 26-27. After the State filed a motion to dismiss the motion for new trial and before the trial court ruled upon it,

---

[1] See, e. g., *State v. Wood*, 338 Ga. App. 181, 186 (2) (790 SE2d 84) (2016).

4

the defendant was captured. Id. A few days later, the trial court dismissed the motion for new trial. Id. at 27.

We affirmed, explaining: "Georgia law is clear . . . that where a defendant becomes a fugitive before filing any post-conviction motions and then remains a fugitive during the time in which he could assert such a motion, he waives his right to seek post-conviction relief." (Citations, punctuation and footnotes omitted.) Id. And, "[a]s the Supreme Court of Georgia explained over a century ago, 'a fugitive defendant does not have a right to appear by counsel until he has returned into custody.'" (Citations, punctuation and footnotes omitted.) Id. at 28. Additionally, no due process violations are implicated in dismissals under this doctrine. See *Goeke v. Branch*, 514 U. S. 115, 118-119 (115 SCt 1275, 131 LEd2d 152) (1995); *Allen v. Georgia*, 166 U. S. 138 (17 SCt 525, 41 LE2d 949) (1897); *Brown Ricketts*, 235 Ga. 29 (218 SE2d 785) (1975). Finally, the fact that Worthen was captured before the trial court dismissed the motion for new trial filed by his attorney does not preclude its application. As we held in *Harper*, supra, Worthen waived his right to seek a new trial "[b]ecause [he] remained a fugitive during the entire time in which he could have filed a motion for new trial." 300 Ga. App. at 28.

5

3. Worthen argues that the General Assembly's 1980 enactment of a statute making bail-jumping a crime, OCGA § 16-10-51, means "the prior judicially-created penalty is no longer available." We disagree.

It is well-established "that, to the extent that statutory text can be as reasonably understood to conform to the common law as depart from it, the courts usually presume that the legislature meant to adhere to the common law." (Citation and punctuation omitted.) *Fed. Deposit Ins. Corp. v. Loudermilk*, 295 Ga. 579, 591 (2) (761 SE2d 332) (2014). As nothing in the plain language of the statute criminalizing bail-jumping can be viewed as superseding the equitable common law doctrine of fugitive disentitlement and no inconsistencies exist between the common law and the statute, Worthen's argument has no merit. Id. at 593 (2) (common law consistent with and not superseded by statute); *Culpepper v. Veal*, 246 Ga. 563, 564 (272 SE2d 253) (1980) (rejecting argument that statute superseded common law).

Worthen's argument that as a penal statute, OCGA § 16-10-51 should be construed in his favor misses its mark. The rule of lenity requires a court to interpret an *ambiguous* criminal statute in favor of the defendant. See *Banta v. State*, 281 Ga. 615, 617-618 (2) (642 SE2d 51) (2007) ("rule of lenity . . . applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous

6

statute") (citation and punctuation omitted.). As no ambiguity exists in this case, the rule of lenity does not apply.

4. In his remaining enumeration of error, Worthen asserts that he is entitled to a new trial based upon "[t]he absence of a complete transcript." We disagree. The authorities cited by Worthen in support of this claim of error involve the lack of a complete transcript in pending appeals where the defendant had not been a fugitive. See, e. g., *Sheard v. State*, 300 Ga. 117, 119-120 (2) (793 SE2d 386) (2016). Based upon our decision to affirm the trial court's decision to dismiss the motion for new trial filed by Worthen's counsel, the lack of a complete trial transcript is moot and does not entitle him to a new trial. See *Lewis v. Duckworth*, 680 F2d 508, 509 (7th Cir. 1982).

*Judgment affirmed. Dillard, C. J., and Ray, P. J., concur*.