# Court of Appeals
# of the State of Georgia

ATLANTA,  August 20, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0045. TOBIAS WORTHEN v. THE STATE.**

In 2015, Tobias Worthen was convicted of insurance fraud, two counts of theft by deception, making a false statement, and false report of a crime. We affirmed the dismissal of his motion for new trial and his convictions on appeal. *Worthen v. State*, 342 Ga. App. 612 (804 SE2d 139) (2017). In December 2019, Worthen filed a "Motion for De Novo Hearing," requesting a hearing to challenge his convictions. The trial court dismissed the motion, and Worthen filed this direct appeal.

Because the dismissal of his motion for new trial based on the "fugitive disentitlement doctrine" and his convictions were affirmed on direct appeal, Worthen is now limited to three methods for challenging his convictions: a habeas corpus petition, a motion in arrest of judgment, or an extraordinary motion for new trial. See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013); *Harper v. State*, 286 Ga. 216, 217-218 (1) (686 SE2d 786) (2009). First of all, Worthen's motion cannot be construed as a habeas corpus petition because it was filed in the convicting court rather than the county of incarceration. See *Jones v. State*, 322 Ga. App. 269, 271 (1) (745 SE2d 1) (2013). Furthermore, Worthens's motion cannot be construed as a motion in arrest of judgment because the motion was filed outside the term of court in which the judgment was rendered. See OCGA § 17-9-61 (b); *Jones*, 322 Ga. App. at 271 (1).

We are then left with construing Worthen's motion as an extraordinary motion for new trial because it was filed after the trial court dismissed his first motion for new trial and more than a year after the judgment of conviction. See OCGA § 5-5-41 (b); *Jeffcoat v. State*, 299 Ga. App. 54, 54 (682 SE2d 131) (2009); see also OCGA §

5-5-40 (a). An appeal from the denial of an extraordinary motion for new trial requires compliance with the discretionary appeal procedure set forth in OCGA § 5-6-35. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 331-332 (489 SE2d 129) (1997). "The requirements of OCGA § 5-6-35 are jurisdictional and this court cannot accept an appeal not made in compliance therewith." *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).

For the foregoing reasons, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  08/20/2020*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



    *, Clerk.*