# Court of Appeals
# of the State of Georgia

ATLANTA,  November 01, 2021

*The Court of Appeals hereby passes the following order:*

## A22I0057.  THE STATE v. DON CYPRIAN MARTIN.

A jury convicted Don Cyprian Martin of rape and other crimes. Martin filed a motion for new trial, and the State filed a motion to dismiss Martin's motion for new trial.[1] After the trial court denied the State's motion to dismiss, the State obtained a certificate of immediate review and filed this interlocutory application. We lack jurisdiction.

Appeals by the State in criminal cases are construed strictly against the State, and the ability of the State to appeal is limited by OCGA § 5-7-1. See *State v. Cash*, 298 Ga. 90, 91 (1) (a) (779 SE2d 603) (2015); *State v. Outen*, 289 Ga. 579, 580 (714 SE2d 581) (2011). "Because OCGA § 5-7-1 (a) establishes the universe of appeals the State is permitted to seek in criminal cases, if the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020) (punctuation omitted). Under OCGA § 5-7-1 (a) (8), the State may appeal from an order granting a motion for new trial. But no provision of OCGA § 5-7-1 (a) permits the State to appeal from an order denying the State's motion to dismiss a defendant's motion for new trial. And while the State asserts that this Court has jurisdiction under OCGA §

---

[1] During Martin's trial, he absconded, and the jury returned a guilty verdict in his absence. Shortly thereafter, Martin was apprehended and taken into custody in the Bahamas and ultimately extradited to Fulton County. In its motion to dismiss, the State argued that pursuant to the "fugitive disentitlement doctrine," Martin had waived his right to seek post-conviction relief. See *Worthen v. State*, 342 Ga. App. 612 (804 SE2d 139) (2017).

5-7-2 (a), OCGA § 5-7-2 "does not expand the list of matters appealable by the State under OCGA § 5-7-1" but, instead, merely describes the procedure to be followed for the State to obtain review of certain non-final orders. *State v. Martin*, 278 Ga. 418, 419 (603 SE2d 249) (2004).

Because the trial court's order denying the State's motion to dismiss Martin's motion for new trial is outside the ambit of OCGA § 5-7-1 (a), this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 11/01/2021*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

    *Stephen E. Castlen*
                *, Clerk.*