**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**February 1, 2022**

# In the Court of Appeals of Georgia

A21A1618. HOWARD v. THE STATE.

MERCIER, Judge.

Albert Howard appeals from a Fulton County Superior Court order vacating the grant of his motion for out-of-time appeal and dismissing his motion for new trial. Because the record does not support the trial court's decision, we reverse that order. We also find that the trial court erred in failing to merge Count 6 of the indictment into Count 7 at sentencing. As to Count 6, therefore, we vacate Howard's conviction and sentence.[1]

---

[1] The trial court's order vacating the grant of Howard's motion for out-of-time appeal was, in essence, a denial of his motion for out-of-time appeal. We have determined that "the merits of a merger issue can also be considered in an appeal from a denial of a motion for an out-of-time appeal." *McCranie v. State*, 335 Ga. App. 548, 553 (3) (782 SE2d 453) (2016), overruled in part on other grounds by *Collier v. State*, 307 Ga. 363, 378 (834 SE2d 769) (2019).

1. Following a March 2010 jury trial, Howard was convicted of aggravated battery, possession of a knife during the commission of a felony, possession of a firearm during the commission of a felony, and three counts of aggravated assault with a deadly weapon.[2] Howard did not file a timely motion for new trial or notice of appeal. In May 2018, however, he filed a pro se motion for out-of-time appeal, asserting that his trial counsel failed to perform routine duties necessary to perfect his appeal.

"A criminal defendant is entitled to an out-of-time appeal if his counsel's constitutionally deficient performance deprived him of an appeal of right that he otherwise would have pursued." *Clark v. State*, 310 Ga. 489, 490 (2) (852 SE2d 522) (2020) (citation and punctuation omitted). Pursuant to a consent agreement reached by the State and Howard's newly-appointed appellate counsel, the trial court granted Howard an out-of-time appeal on October 5, 2018. The trial court recited the parties' agreement that trial counsel "failed to file a motion for new trial due to no fault of [Howard]" and that the grant of an out-of-time appeal was "appropriate under these circumstances." Ultimately, the court concluded: "[Howard] wanted to appeal his case

---

[2] The jury found Howard not guilty of burglary, criminal damage to property, and two additional counts of aggravated assault with a deadly weapon.

and bore no responsibility for the lack of a timely-filed notice of appeal or motion for new trial."

Howard filed a motion for new trial, and his appellate counsel worked on obtaining the trial transcript, which was finally completed by the court reporter in December 2019. But on June 26, 2020, before the trial court addressed the motion for new trial, the State moved to vacate the October 2018 order granting Howard an out-of-time appeal. Asserting that Howard had absconded during the trial in 2010, the State argued that he had waived his right to appeal by remaining a fugitive during the original window for filing a motion for new trial and notice of appeal. On March 22, 2021, the trial court vacated the order granting Howard an out-of-time appeal and dismissed his motion for new trial. This appeal followed.

As noted by the State, a defendant "waives his right to appeal by remaining a fugitive during the period when he was authorized by statute to file a motion for a new trial or a notice of appeal." *Sanders v. State*, 242 Ga. App. 743, 744 (1) (531 SE2d 170) (2000). In such circumstances, the defendant is responsible for the failure to file a timely appeal, and he cannot claim that trial counsel was deficient in not pursuing the appeal in his absence. See id. Moreover, the defendant is not entitled to an out-of-time appeal because "[a]n out-of-time appeal is not authorized if the delay

3

was attributable to the [defendant's] conduct." See id. (citation and punctuation omitted).

The record shows that Howard absconded prior to closing arguments on March 11, 2010, and the trial concluded without him. He was convicted on March 15, 2010, after the trial court sentenced him in absentia. Howard re-entered the Fulton County Jail on May 25, 2010. Given Howard's fugitive status, he may not have been entitled to an out-of-time appeal. See *Sanders*, supra. Nevertheless, the State consented to Howard's out-of-time appeal request, and the trial court entered the order granting him an out-of-time appeal on October 5, 2018.

Generally, a trial court lacks jurisdiction to revise, correct, revoke, modify or vacate any judgment outside the term of court in which the judgment was entered. See *Whipkey v. State*, 352 Ga. App. 746, 748 (1) (835 SE2d 740) (2019); *Chishti v. State*, 288 Ga. App. 230 (653 SE2d 830) (2007). The terms for the Fulton County Superior Court commence on the first Monday in January, March, May, July, September, and November. See OCGA § 15-6-3 (3). Ten new terms of court had commenced when the State moved in June 2020 to vacate the order granting Howard an out-of-time appeal. An additional five new terms began before the trial court vacated its order.

4

Without dispute, the trial court acted well outside of the applicable court term when it vacated the order granting Howard an out-of-time appeal and dismissed his motion for new trial. The State argues, however, that the court was authorized to act because Howard fraudulently induced the grant of an out-of-time appeal by misrepresenting his responsibility for the lack of a timely appeal. Specifically, the State points to Howard's assertion in his notarized, pro se motion for out-of-time appeal that "[b]y no conduct attributable to Defendant has Defendant's appeal been forfeited."

It is true that "[a]ny judgment, verdict, rule, or order of court which may have been obtained or entered shall be set aside and be of no effect if it appears that the same was entered in consequence of corrupt and willful perjury." OCGA § 17-1-4. But to have an order vacated on this basis, the party seeking relief "must show that the person providing the perjured testimony has been convicted of perjury as a result of his testimony." *Whipkey*, supra at 751 (2). The State has pointed to no evidence of a perjury conviction here. Instead, the State claims that the order granting Howard an out-of-time appeal is *void* because it was fraudulently induced by Howard's misrepresentation. We disagree.

5

Pursuant to OCGA § 17-9-4, "[t]he judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." In the civil context, "a judgment procured by fraud is considered void." *Whipkey*, supra at 751 (2) n.6. But even if this rule applies to criminal cases, a party seeking to set aside a judgment based on fraud must demonstrate that (1) the fraud was committed by the party's opponent and/or the opponent's attorney; (2) the party had no knowledge of the fraud; and (3) the party could not have discovered the fraud through the exercise of reasonable diligence. See id.; see also OCGA § 9-11-60 (d).

The record shows that the State was — or should have been — well aware that Howard absconded at the end of his trial in 2010. The prosecution highlighted Howard's absence during closing arguments, and the trial court mentioned it at sentencing. The appellate record also contains a writ of attachment and bench warrant issued for Howard in March 2010, as well as the affidavit of custodian showing that he re-entered the Fulton County Jail in May 2010. Simply put, Howard's status as a fugitive during and immediately following the trial was or should have been known to all parties and the court. The State, therefore, has not demonstrated that it was unaware of that status — or could not have reasonably discovered it — when it

6

consented to Howard's request for an out-of-time appeal. See *Whipkey*, supra at 751 (2) n.6.

If, as the States contends, Howard remained a fugitive for the entire appeal window following his conviction, the trial court may have erred in granting him an out-of-time appeal. See *Sanders*, supra. But a ruling is not void simply because it is erroneous. See *State v. Glover*, 281 Ga. 633 (641 SE2d 543) (2007). And the State has cited no authority establishing that the trial court lacked jurisdiction to enter the 2018 consent order or that the order was otherwise void.[3] See id. ("A judgment is not void so long as it was entered by a court of competent jurisdiction.") (citation and punctuation omitted). Accordingly, because the trial court improperly acted outside the applicable term of court, we reverse the court's order vacating the grant of an out-of-time appeal and dismissing Howard's motion for new trial. See *Kinsey v. State*, 350 Ga. App. 317, 321 (1) (829 SE2d 398) (2019) (trial court erred in setting outside

---

[3] Citing *Sosebee v. State*, 282 Ga. App. 905 (640 SE2d 379) (2006), the State asserts that "when [a consent] order grants defendant relief that defendant is not entitled to receive, the consent order is void and the court is **required** to correct the error." *Sosebee* does not support this exceedingly broad proposition. On the contrary, the consent order in *Sosebee* was void and needed to be corrected because it imposed a sentence not allowed by law. See id. at 908-909 (3).

7

order discharging probation outside of term of court where discharge order did not impose an illegal sentence and was not void).

2. Howard argues, and the State concedes, that two of his convictions should have been merged at sentencing. We agree.

Count 6 of Howard's indictment alleged that he committed aggravated assault with a deadly weapon "by shooting [D. C.] with a handgun, a deadly weapon," on August 10, 2007. Count 7 charged that Howard committed aggravated battery on August 10, 2007, by "maliciously caus[ing] bodily harm to [D. C.] by rendering a member of his body useless; said accused having accomplished said act by shooting him with a handgun leaving [D. C.] paralyzed." The trial testimony showed that Howard shot D. C. one time on August 10, 2007, paralyzing him from the waist down.

Howard was convicted and sentenced on Counts 6 and 7. Both counts, however, were predicated on the same conduct (shooting D. C. on August 10, 2010) and differed only in terms of the degree or risk of injury. Given these circumstances, "the aggravated assault conviction on Count [6] should have merged into the aggravated battery conviction on Count [7] for purposes of sentencing." *Welch v. State*, 309 Ga. 875, 880 (4) (848 SE2d 846) (2020). We therefore vacate Howard's

8

conviction and sentence for aggravated assault under Count 6. See id.; *Harris v. State*, 309 Ga. 599, 610 (4) (847 SE2d 563) (2020).

*Judgment vacating grant of out-of-time appeal and dismissing motion for new trial reversed. Judgment of conviction vacated in part. Dillard, P. J., and Pinson, J., concur.*