**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 24, 2023**

# In the Court of Appeals of Georgia

A23A0906. MARTIN v. THE STATE.

DOYLE, Presiding Judge.

Following a jury trial, the trial court convicted Don Cyprian Martin of rape, aggravated sexual battery, child molestation, and cruelty to children in the first degree.[1] Following the denial of his amended motion for new trial, Martin appeals, arguing that (1) trial counsel was ineffective, and the trial court erred by (2) admitting certain evidence and (3) giving certain jury instructions. For the reasons that follow, we affirm.

---

[1] Martin fled to the Bahamas during trial, and his conviction was entered in absentia, but he was captured, detained, and extradited back to the United States. One count of interference with government property was nolle prossed by the State.

Viewed in favor of the verdict,[2] the record shows that in 2011, A. S. (then 13 years old) and her brother E. L. lived in the custody of Paige Long after their mother lost custody of them. A. S. and E. L. still visited their mother, who remained close with them. Long's boyfriend, Martin, frequently visited Long's home, and Martin often watched A. S. and E. L. if Long had to work overnight.

In August 2011, A. S. told her mother that Martin touched her vagina and penetrated her with his fingers. A. S. told her mother that this happened every time that Martin was with the children when Long was absent. A. S. did not tell Long because she did not think that Long would believe her. At trial, then 20-year-old A. S. testified that Martin raped her and placed his fingers in her vagina against her will.

In addition to A. S.'s testimony, the State presented the testimony of A. S.'s mother, who testified about A. S.'s outcry to her. The mother also testified that she contacted the police at that time. Despite the mother's report of the allegation, the investigator assigned to the case ended the investigation before bringing charges against Martin because he was unable to get a forensic interview of A. S., and he had lost contact with Long.

---

[2] See, e.g., *Waller v. State*, 368 Ga. App. 378 (890 SE2d 142) (2023).

Long initially accused A. S. of fabricating the allegations against Martin in an attempt to return to her mother's custody. In January 2014, however, Long contacted the investigator to report that Martin was alleged to have sexually assaulted another girl, leading Long to try to get Martin arrested at that time. In February 2014, a forensic interviewer spoke with A. S., who was then fifteen years old, and A. S. disclosed that Martin began touching her in inappropriate places when she was about seven years old. The State presented a recording of the interview to the jury, and the forensic interviewer also testified about A. S.'s statements. A second investigator testified that A. S. disclosed more details of the alleged assaults in August 2015 when A. S. was about 17 years old. The second investigator testified that A. S. said Martin caused her to bleed and have pain as a result of digitally penetrating her, and he also penetrated her vagina with the tip of his penis, which caused her pain.

*Other Acts Evidence*

The State also presented the testimony of C. G., who stated that she met and began dating Martin around 2004 or 2005 and that Martin occasionally stayed over night with her and her children. In 2008, C. G.'s daughter disclosed in a letter to her that Martin molested her and raped her several times beginning when she was 14 years old to about 17 years old. The daughter also testified at trial, stating that Martin

put his fingers and penis in her vagina on multiple occasions although she could not recall her age at the time.

During trial, Martin fled the country, but his trial continued during his absence. At the close of evidence, the jury returned a guilty verdict on all counts. Martin's attorney filed a motion for new trial that eventually was amended, and the trial court denied that motion in a 28-page order after a hearing on the matter. This appeal followed.

1. As an initial matter, the State argues that this appeal is barred by the fugitive disentitlement doctrine.[3] Previously, the State attempted to appeal this issue in an interlocutory appeal that this Court dismissed for lack of jurisdiction. In addition to again failing to establish that it has a right to appeal this order, the State also has

---

[3] See, e.g., *Worthen v. State*, 342 Ga. App. 612, 613-614 (2) (804 SE2d 139) (2017) (explaining that if "a defendant becomes a fugitive before filing any post-conviction motions and then remains a fugitive during the time in which he could assert such a motion, he waives his right to seek post-conviction relief"), citing *Harper v. State*, 300 Ga. App. 25, 27-28 (684 SE2d 96) (2009) (affirming trial court's dismissal of the defendant's motion for new trial on the grounds of the fugitive disentitlement doctrine).

failed to raise this issue in a properly filed cross-appeal.[4] Accordingly, this issue is not properly before this Court.[5]

2. Turning to the defendant's enumerations of error, Martin argues that trial counsel was ineffective for failing to object to child hearsay evidence in the form of the recording of A. S.'s interview with the forensic interviewer and testimony by the second investigator and by the forensic interviewer regarding A. S.'s statements to them. Martin contends that this evidence was inadmissible under former OCGA § 24-3-16.

> To prevail on a claim of ineffective assistance of counsel, a defendant generally must show that counsel's performance was deficient and that the deficient performance resulted in prejudice to the defendant. To satisfy the deficiency prong, a defendant must demonstrate that his attorney performed at trial in an objectively unreasonable way

---

[4] See OCGA § 5-7-1. See also *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020) ("Because OCGA § 5-7-1 (a) establishes the universe of appeals the State is permitted to seek in criminal cases, if the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it.") (punctuation omitted); *State v. Cash*, 298 Ga. 90, 91 (1) (a) (779 SE2d 603) (2015); *State v. Outen*, 289 Ga. 579, 580 (714 SE2d 581) (2011).

[5] See OCGA § 5-6-38. See, e.g., *Dresbach v. State*, 308 Ga. 423 n.1 (841 SE2d 714) (2020) (declining to consider an argument by the State because "it failed to file a cross-appeal and has failed to identify on appeal any exceptional circumstances requiring us to correct any errors. As a result, we decline to consider that issue.").

5

considering all the circumstances and in the light of prevailing professional norms. This requires a defendant to overcome the strong presumption that trial counsel's performance was adequate. To carry the burden of overcoming this presumption, a defendant must show that no reasonable lawyer would have done what his lawyer did, or would have failed to do what his lawyer did not. In particular, decisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only if they were so patently unreasonable that no competent attorney would have followed such a course. To satisfy the prejudice prong, a defendant must establish a reasonable probability that, in the absence of counsel's deficient performance, the result of the trial would have been different. If an appellant fails to meet his or her burden of proving either prong of the *Strickland[ v. Washington*[6]] test, the reviewing court does not have to examine the other prong.[7]

Martin's argument that he received ineffective assistance of counsel for this issue hinges on the law at the time, which allowed the admission of child hearsay only for children under the age of 14.[8] A. S., however, was 15 at the time she met

---

[6] 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

[7] (Citations and punctuation omitted.) *Waller*, 368 Ga. App. at 378-379.

[8] See OCGA § 24-3-16 (2013) ("A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another . . . is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability."). See also *State v. Walker*, 342 Ga. App. 733, 734 (805 SE2d 262) (2017)

6

with the forensic interviewer and was 17 at the time that she met with the second investigator.[9] We note that despite the fact that trial counsel was unaware that he could have objected to the testimony, he also used the statements to highlight the inconsistencies between A. S.'s testimony and her prior statements to authorities to challenge her credibility before the jury.[10] And in any event, A. S. testified to the same information at trial, rendering the evidence cumulative.[11] Accordingly, Martin

---

("[T]he admissibility of a child hearsay statement as to an act of child molestation occurring before July 1, 2013[,] is controlled by former OCGA § 24-3-16."). A similar provision is currently codified at OCGA § 24-8-820.

[9] See, e.g., *Patterson v. State*, 350 Ga. App. 540, 548 (3) (a) (829 SE2d 796) (2019) (explaining that because the child was over age 14 when making the interview and the statute had not been changed at that point, the statement was inadmissible hearsay because former OCGA § 24-3-16 applied).

[10] See, e.g., id. (holding that the failure to object was not deficient performance under *Strickland* because the attorney planned to use the video for impeachment purposes).

[11] See *Forde v. State*, 289 Ga. App. 805, 809 (1) (658 SE2d 410) (2008) (holding that because inadmissible evidence improperly allowed under the child hearsay statute was cumulative of other admissible evidence, the defendant did not show prejudice under the *Strickland* standard). See also *Sullivan v. State*, 295 Ga. App. 145, 151 (4) (671 SE2d 180) (2008) (explaining that "the erroneous admission of hearsay is harmless where legally admissible evidence of the same fact is introduced") (punctuation omitted), quoting *Head v. State*, 254 Ga. App. 550, 551 (2) (562 SE2d 815) (2002).

has failed to establish prejudice in order to meet the *Strickland* standard, and the trial court's denial of Martin's motion for new trial on this basis was not erroneous.

3. Finally, Martin argues that the trial court committed plain error by admitting the other acts evidence and for giving a deficient charge to the jury.

The Georgia Supreme Court's

> decision in *State v. Kelly*,[12] prescribes the process for plain error review: First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.[13]

(a) Martin contends that it was plain error for the trial court to admit C. G.'s testimony about the other acts evidence because C. G. testified that it was "child

---

[12] 290 Ga. 29 (718 SE2d 232) (2011).

[13] (Citation and punctuation omitted.) *Nations v. State*, 303 Ga. 221, 223-224 (2) (811 SE2d 292) (2018), quoting *Kelly*, 290 Ga. at 33 (2) (a).

8

molestation," and it is therefore not within the definition of evidence that could be admitted under OCGA § 24-4-413, which only allows evidence of rape, aggravated sodomy, statutory rape, sexual assault, incest, sexual battery, or aggravated sexual battery. This argument does not meet the plain error standard, however, because C. G. only briefly testified, and her daughter testified at length about specifics of the abuse including that Martin raped her, which was intertwined with the testimony about child molestation.[14]

(b) Martin also argues that to the extent that C. G. mentioned the daughter's note, such testimony should have been excluded because the note would be best evidence, and therefore it was plain error to admit the testimony. Again, he cannot show that this had any effect on his substantial rights given the daughter's own testimony about his assault of her.[15] Moreover, because C. G.'s testimony was cumulative of the daughter's testimony, it was not plain error for the trial court to allow it under former OCGA § 24-3-16.[16]

---

[14] See *Nations*, 303 Ga. at 224 (2).

[15] See id.

[16] See *Forde*, 289 Ga. App. at 809 (1).

9

(c) Finally, Martin argues that the jury instruction on the other acts evidence was plain error because the trial court failed to define the "offense of sexual assault" under OCGA § 24-4-413. Pretermitting whether the trial court was required to define this phrase specifically, the trial court instructed the jury that it should decide whether Martin committed other acts of rape and child molestation, and those crimes were later defined by the trial court when reading the charges against Martin in regard to A. S.[17] Accordingly, given the jury charge as a whole, Martin has failed to establish any plain error with this argument.

*Judgment affirmed. Gobeil, J., and Senior Judge C. Andrew Fuller concur.*

---

[17] See, e.g., *Dukes v. State*, 290 Ga. 486, 489 (5) (722 SE2d 701) (2012) ("'Before a charge will constitute reversible error, the charge in question must be viewed in regard to the charge as a whole.'"), quoting *Hilton v. State*, 233 Ga. 11 (2) (209 SE2d 606) (1974).

10